This action and that brought to enforce the mechanics' lien are not for the same cause. Neither are the parties the same, nor would the same evidence sustain both. The notes sued upon, although given to secure the payment of a portion of the same debt covered by the mechanics' lien, were given upon an independent consideration, and are collateral to the principal obligation under the agreement between the owner of the building and the principal contractor. The primary obligation founded upon the original agreement, including the statutory liability under the mechanics' lien law, and the promissory notes of a third person collateral to it may be enforced simultaneously by legal proceedings and suits adapted to the respective remedies, and separate judgments recovered upon each; but there can be but one satisfaction. *Page 356 
Independent actions may be maintained against principal and surety, upon distinct obligations, and against the different parties to bills of exchange and promissory notes, except as regulated and restricted by statute.
The defendant is not an owner of the buildings, or the lands upon which they were erected, and no recovery can therefore be had against him in the action to enforce the lien, although he is made a party thereto as owner. But that fact is not material. He was liable upon his express promise to the plaintiff, independent of any liability that might exist under the statute, and in virtue of the agreement with the original contractor.
The judgment must be affirmed.
All concur.
Judgment affirmed.