# NEW YORK SUPERIOR COURT.

THEODORE SCHMALHOLZ agt. GUSTAVUS POLHAUS and WIFE.

*Appearance, when confers jurisdiction — parties in foreclosure case.*

Appearance by attorney is equivalent to personal service in the county in conferring jurisdiction upon this court.

Where the mortgagor of real estate has parted with the equity of redemption in the mortgaged premises, he is not a proper party to a motion by the purchaser at the foreclosure sale, to set aside the sale for defect of title.

Neither is the mortgagor's wife, who never executed the mortgage — the sale being made expressly subject to her inchoate right of dower — a proper party to such motion.

*General Term, January,* 1875.

APPEAL from a decision on a motion by plaintiff, as purchaser at a foreclosure sale, to set aside the sale for defect of title.

MONELL, *C. J.* — None of the objections to the title are sound.

The jurisdiction of this court cannot be questioned. Its general equity jurisdiction, under the provisions of the Code, was fully established in *Forrest* agt. *Forrest* (25 *N. Y. R.*, 501), and in actions for the foreclosure of a mortgage, by the express terms of section 33 of the Code. In all cases it has jurisdiction when the party is served in the county. An appearance by attorney is equivalent to personal service (*Rule* 14; *Schwinger* agt. *Hickox*, 46 *How. Pr. R.*, 114).

The mortgagor having parted with the equity of redemp-

tion, had no interest which rendered it necessary that he should be made a party (*Denny* agt. *Clark*, 16 *How. Pr. R.*, 424; *Van Nest* agt. *Latson*, 19 *Barb.*, 604).

The mortgagor's wife not having executed the mortgage could not be divested of her inchoate right of dower, and she was not, therefore, a necessary party to this motion.

Besides, the sale was expressly subject to such dower right. The pendency of the action to set aside the deed to Polhaus is not an objection which the purchaser can raise. That deed released the dower right of the mortgagor's wife, and she is seeking to avoid it. The purchaser, however, had notice, at the time of sale, of the existence of such dower claim, and in express terms purchased subject to it.

The plaintiff may have an order for a resale of the property. The sum deposited with the referee on the former sale cannot be ordered to be paid to the plaintiff. It must abide the result of the sale under this order.

As another sale could have been had, under the terms of sale, this motion was not necessary.

Besides, the plaintiff could have applied for an order to compel the purchaser to complete the purchase.

The plaintiff, therefore, not to have costs of this motion.