Frances McKernan, Respondent, v. Benjamin W. Robinson et al., John Fraser, Appellant.

An action upon a guaranty of a mortgage is within the provision of the Revised Statutes (2 R. S., 191, §§ 153, 154), prohibiting any proceedings, unless authorized by the court, after bill filed to foreclose a mortgage for the recovery of the debt secured by the mortgage; and in the absence of such authority the action is not maintainable.

Where, however, such an action has been commenced without previous authority, the court may by subsequent order made *nunc pro tunc* grant permission, and so remove the impediment to the maintenance of the action founded upon the statute,

(Submitted February 1, 1881; decided February 8, 1881.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, made December 14, 1880, affirming an order of Special Term denying a motion to vacate an order, the substance of which is hereinafter stated.

This was an action to foreclose a mortgage assigned to the plaintiff by one Fraser. The assignment contained a guaranty of the punctual payment of the mortgage, principal and interest.

Fraser, by the permission of the plaintiff, managed the foreclosure action. He told the attorneys that the plaintiff was willing to wait for her money until he, Fraser, could foreclose and sell the property, and by his direction he was not made a party. At the sale the property did not bring enough to pay the mortgage debt.

The plaintiff then sued Fraser in the Marine Court of the city of New York, upon the guaranty, without having obtained leave of the Supreme Court, according to the provision of the Revised Statutes. After the action was at issue the plaintiff obtained, *ex parte*, an order granting leave to sue *nunc pro tunc*. Fraser applied to set this order aside as irregular and improper. His application was denied.

*James C. Hays* for appellant. Plaintiff, after having commenced the action to foreclose the mortgage and after judg-

ment therein, cannot bring another suit for the recovery of the debt, or take any proceeding whatever at law for such purpose without being authorized by the court in which the foreclosure suit was brought.. (2 R. S. 191, §§ 152, 153, 154 [2d ed]; *Scofield* v. *Doscher, Exr.,* 72 N. Y. 491; *Eq. Life Ins. Soc.* v. *Stevens,* 63 id. 341; *Comstock* v. *Drohan,* 71 id. 9.) The authority to bring an action or take any proceeding at law was a condition precedent. (*Rae* v. *Beach,* 76 N. Y. 167.)

*James Hamilton* for respondent. The order is not appealable because it relates simply to a question of practice, and does not affect any substantial right of the appellant. (*McCoun* v. *N. Y. C. & H. R. R. R. Co.,* 50 N. Y. 176; *Arthur* v. *Griswold,* 60 id. 143; *People ex rel. Att'y-Gen.* v. *Sec'y S. Ins. Co.,* 79 id. 272; Code of Civil Procedure, § 190.) Even if the order affected a substantial right, it cannot be reviewed in this court, as it was a matter resting in the discretion of the court below to grant or refuse it. (*Howell* v. *Mills,* 53 N. Y. 323; *Eq. Life Ins. Co.* v. *Stevens,* 63 id. 341.) The court had power to grant the order *nunc pro tunc.* (*Earle* v. *David,* 20 Hun, 529; *Suydam* v. *Bartle,* 9 Paige, 294; Code of Civil Procedure, §§ 722, 723; 2 R. S. 191, § 153.) The statute applies to the holder of the mortgage only. (*Comstock* v. *Drohan,* 71 N. Y. 9; 8 Hun, 376.)

Andrews, J. The action in the Marine Court, upon the defendant's guaranty of payment of the mortgage, was brought after judgment of foreclosure and sale had been rendered in an action to foreclose the mortgage, and without the plaintiff having previously obtained the authority of the court. The case was within the provision of the Revised Statutes, that after bill filed to foreclose a mortgage, no proceeding whatever shall be had at law for the recovery of the debt secured by the mortgage, unless authorized by the court. The action, in the absence of such authority, could not be maintained. (2 R. S. 191, §§ 153, 154; *Scofield* v. *Doscher,* 72 N. Y. 491.)

But we are of opinion that the court, by an order made *nunc*

*pro tunc*, made after the action was commenced, could remove the impediment to maintaining the action founded upon the statute. The statute was passed to prevent vexatious and oppressive litigation — and application for leave to sue at law, after proceedings in foreclosure have been commenced, may be refused, in the just and reasonable discretion of the court. Where leave to sue in such a case is given, the cause of action is the contract or obligation of the party. The permission of the court simply removes an obstruction against the enforcement by suit. If the action has been commenced without previous authority, the fact may be pleaded, and the plea would be in the nature of a plea in abatement to the action. If the plaintiff is defeated upon this ground, he may afterward apply to the court for leave to sue, and if granted, he may commence a new action for the same cause. If the plaintiff has commenced his action without leave, there would seem to be no valid reason why the court, instead of putting the plaintiff to the necessity of discontinuing, may not, in a proper case, manifest its consent to the prosecution of the action, by a retroactive order, to take effect as of a time anterior to its commencement. The defendant is thereby deprived of no substantial defense. The court, in granting the order, may impose such terms as shall be just.

The order made in this case was clearly in furtherance of justice. The defendant was the plaintiff's agent in conducting the foreclosure. He directed the attorneys employed by him not to make him a party, and he was not made a party for that reason. The cause of action on the guaranty was not barred by the judgment in the foreclosure action, and the order allowing the action to proceed was properly granted.

The order should be affirmed.

All concur, except RAPALLO, J., absent.

Order affirmed.