THE UNITED STATES LIFE INSURANCE COMPANY, Respondent, v. GEORGE W. POILLON, Impleaded, etc., Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Mortgages. Foreclosure. Deficiency.*—A plaintiff is not entitled, as a matter of right, to leave to bring an action for a deficiency on foreclosure of a mortgage, and an *ex parte* order, *nunc pro tunc*, to that effect will be set aside, and be remitted to the practice prescribed by section 1628 of the Code.

2. *Same.*—Though the court may possibly have the power to grant such an order, *ex parte*, it is not in the orderly administration of justice that it should be done, and such practice should not be encouraged.

Appeal from an order denying a motion to vacate an order made *ex parte*, after the commencement of the action, granting the plaintiff leave to sue *nunc pro tunc* as of a time prior to the commencement of the action.

*H. & W. Man* and *E. M. Wight* (*Henry H. Man*, of counsel), for appellant.

*Jay & Candler*, for respondent.

VAN BRUNT, P. J.—The plaintiffs in this action were the holders of a bond and mortgage, which they foreclosed and upon the sale a deficiency resulted, and certain property belonging to the estate of the mortgagor having been deposited in the United States Trust Company, this action was brought to secure payment of such deficiency out of such funds. The complaint did not allege that any leave had been granted for the commencement of this action. Some of the defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and such demurrer was sustained, be-

cause it did not appear upon the face thereof, that leave to commence the action had been duly obtained under section 1628 of the Code of Civil Procedure.

The plaintiff thereupon applied *ex parte* for an order granting leave to sue, and an order was thereupon entered granting such leave as of a date prior to the commencement of this action, and it was further ordered that the entry of such orders should be without prejudice to any and all proceedings heretofore taken in said action. Some of the defendants thereupon moved to set aside said order upon the merits, and also upon the ground that it should not have been granted *ex parte*, and from the order thereupon entered this appeal is taken.

It is claimed to be established that the court has the power to grant such leave *ex parte* by the case of McKernan *v.* Robinson (84 N. Y. 105). An examination of that case shows that, although the order was made *ex parte*, no question whatever upon that point was raised, the point adjudicated upon in that case being as to the power of the court to enter such an order *nunc pro tunc* after the commencement of the suit.

This is not an order which may be made by a judge out of court, but it is the leave of the court which must be obtained, and an application must therefore be made to the court. Now, where parties have appeared in an action, it is for the purpose of having notice of all proceedings before the court in such action. This is one of the objects of the appearance, to entitle the party to notice of applications to the court upon which he has a right to be heard. That a defendant has a right to be heard upon a motion of this description, is well settled in the case of the Equitable Life Ins. Society *v.* Stevens (63 N. Y. 341), where it is expressly held that a plaintiff is not entitled, as matter of right, to such leave, but the court may, under proper circumstances, absolutely deny the same.

This being the condition of the rights of the parties,

there is no reason why the practice should be permitted, which compels a defendant to be the moving party to set aside an improvident order, when it is the duty of the plaintiff to satisfy the court that it is proper that the order should be granted. In other words, the defendant, where he has the right to answer an application, should not be compelled to be a moving party. The plaintiff should be the moving party, and the defendant the answering party. Regularity of practice demands this, and an orderly administration of proceedings in an action.

In the case of McKernan *v.* Robinson, *ante*, the right of the court to impose conditions upon granting the order is expressly recognized; and how is the court to know what conditions should be imposed, until the defendant has an opportunity to state his side of the case. It may be reasonable to suppose that the court will not impose conditions, in granting the order, upon the statement of the plaintiff alone; and if such conditions are to imposed, they are because of the representations of the defendant. showing a state of circumstances which calls for such action upon the part of the court. Therefore, although the court may possibly have the power to grant such an order, *ex parte*, it is not in the orderly administration of justice that it should be done, and such practice should not be encouraged.

I think, therefore, that the order obtained *ex parte* should have been set aside, because it was placing the burden of the motion upon the part of the defendant, where it did not belong, and that the plaintiff should have been remitted to the orderly practice, which should control an application to the court for the amending of proceedings in an action for all orders which cannot be granted by a judge out of court, and, therefore, naturally *ex parte*, namely, an application for relief, which must be upon notice, and an opportunity upon the part of the defendant to answer the same.

Without at all passing upon the merits, I think that the order should be reversed upon this ground, with ten dollars costs and disbursements.

BRADY and BARRETT, JJ., concur.