### WALTON v. GRAND BELT COPPER CO. et al.

*(Supreme Court, General Term, First Department. June 6, 1890.)*

MORTGAGES—FORECLOSURE—DEFICIENCY—LEAVE TO SUE.
Code Civil Proc. N. Y. § 1628, provides that pending, or after judgment in, an action to foreclose a mortgage, no other action shall be commenced to recover any part of the mortgage debt, "without leave of the court in which the former action was brought." *Held* that, while the court may have the power to grant such leave to sue *nunc pro tunc* after commencement of the suit, by an *ex parte* application, the practice is not in the orderly administration of justice, and should not be encouraged. The defendant should have an opportunity to be heard in the first instance. Following *Insurance Co.* v. *Poillon,* 6 N. Y. Supp. 370.

Appeal from special term, New York county.

Action by William Walton against the Grand Belt Copper Company and William Belden. Defendant Belden, the receiver appointed in the action, appeals from an order denying his motion to vacate an order granting leave to sue. For reports of former litigation, see 6 N. Y. Supp. 370; 3 N. Y. Supp. 398.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
*F. L. Marshall,* for appellant. *H. B. Turner,* for respondent.

PER CURIAM. For the reasons stated in the case of *Insurance Co.* v. *Poillon,* 6 N. Y. Supp. 370, we think that the motion to vacate the order of August 30, 1889, should have been granted, and the order in that respect should be reversed, and said order of August 30th vacated. The balance of the order, we think, however, should be affirmed, without costs.