(13 App. Div. 94.)

### DURHAM v. CHAPIN et al.

(Supreme Court, Appellate Division, Third Department. January 12, 1897.)

1. PLEADING—AMENDED COMPLAINT—UNAUTHORIZED SERVICE.
   The service of an amended complaint on a defendant who has not appeared by attorney is unauthorized where it is made without leave of court, and after the time to amend as of course has expired; Code Civ. Proc. § 543, providing that when a pleading is amended under section 542, permitting amendments as of course, a copy must be served on the attorney for the adverse party, and section 727 providing that no pleading shall be altered without an order of court except where parties are authorized to amend as of course.

2. PLEADING—UNAUTHORIZED SERVICE OF AMENDED COMPLAINT—WAIVER.
   A defendant does not waive objection to the unauthorized service on her of an amended complaint by failing to return it, in the absence of circumstances creating an estoppel.

Appeal from special term, Washington county.

Action by Hannah A. Durham against Lovisa A. Chapin and others to foreclose a mortgage. From an order denying a motion by defendant Lovisa A. Chapin to set aside the service of an amended complaint, set aside a foreclosure sale, and vacate the deficiency judgment, she appeals. Modified.

The summons, with the complaint in foreclosure, was served upon the appellant February 28, 1896. The complaint made no personal claim against the appellant. She consulted counsel, and, acting upon his advice, did not appear or defend, but made default. The amended complaint was served upon her April 18, 1896. This contained a personal claim, and demanded judgment for deficiency. Not understanding that the amended complaint changed the situation, the appellant paid no attention to it. She had no actual notice of the provision in the judgment for the deficiency till the day of sale. The sale resulted in a deficiency. The appellant makes an affidavit of merits.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

F. B. Gill, for appellant.
D. W. C. Hill, for respondent.

LANDON, J. The Code (section 543) provides that a pleading, amended as permitted in section 542, which is the only section per-

mitting an amendment as of course, must be served upon the attorney of the opposite party.    The appellant had no attorney.    The amended complaint was not served until about six weeks after the service of the original complaint, and therefore was not within the time permitted by section 543.    Where the defendant has no attorney, there is no authority for serving an amended pleading upon him, except by order of the court, under section 727.    The appellant, under the circumstances, did not waive the irregularity of service by failing to return the amended complaint.    As the service upon her was not authorized, she should not be prejudiced by it, in the absence of facts in the nature of an estoppel.    We see no occasion to set aside the sale.

So much of the order as denies the motion to set aside the service of the amended complaint, and to strike out the judgment for deficiency, is reversed, with $10 costs and disbursements, and the motion in these respects is granted.    The order is affirmed in other respects.    All concur.