(30 App. Div. 148.)

## DURHAM v. CHAPIN.

(Supreme Court, Appellate Division, Third Department.    May 20, 1898.)

MORTGAGE—ACTION AGAINST GRANTEE OF MORTGAGED PREMISES—NUNC PRO
TUNC ORDER—DISCRETION.
  Though facts stated in complaint against grantee of premises who has assumed mortgage, in action for balance of debt above what the premises sold for on foreclosure, would, without counter affidavits impairing their force, justify the order for leave to sue nunc pro tunc, made on hearing of demurrer to complaint, interposed because the leave to sue required by Code, § 16, was not obtained, still the court, in its discretion, will reverse the order without prejudice to renewal of motion; no notice of motion therefor having been given, and it being claimed by defendant that by reason thereof she was not prepared with the facts to oppose it, and the foreclosure sale having been sustained, though defendant was relieved from the deficiency judgment because of failure to serve on her her complaint asking for such judgment.

Appeal from special term, Washington county.

Action by Hannah A. Durham against Lovisa H. Chapin. From the part of order, on hearing of demurrer to complaint, permitting plaintiff to bring action nunc pro tunc, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

F. B. Gill, for appellant.

J. Sanford Potter, for respondent.

PER CURIAM. The defendant was a party to an action of foreclosure and sale, and after the sale judgment was entered against

her for the deficiency. The judgment against her was set aside for the reason that no complaint asking such deficiency was properly served upon her. She was the grantee of the mortgaged premises and had assumed payment of the mortgage. The plaintiff, without obtaining leave, as provided in section 16 of the Code, to sue her for the balance of the mortgage debt, sued her in this action for it. She demurred to the complaint, relying upon the section cited, and counsel for both parties appeared upon the argument of the demurrer; and the plaintiff, without having given defendant notice of motion to that effect, asked leave to sue the defendant nunc pro tunc as of the commencement of this action. The court sustained the demurrer, and added to the order sustaining it a clause granting leave to the plaintiff to sue nunc pro tunc, and to serve the amended complaint accordingly, upon payment of the costs of the demurrer. The defendant appeals from the part of the order granting leave to sue nunc pro tunc, and insists that the court improperly granted it, since the defendant, not having previous notice of such motion, was not prepared with the facts to oppose it; and suggests that, if the defendant had been duly notified of the intent to charge her with a deficiency upon the mortgage sale, the property would have been sold for a larger price.

We think that the facts stated in the complaint, without counter affidavits impairing their force, would justify the order. Earl v. David, 20 Hun, 527, affirmed 84 N. Y. 634. But, in view of the suggestion of the defendant and the fact that we sustained the sale at the same time that we relieved the defendant from the deficiency judgment (13 App. Div. 94, 43 N. Y. Supp. 342), we now conclude to exercise our discretion in her favor, and reverse the order granting leave to sue nunc pro tunc without costs, and without prejudice to a renewal of the motion.

Order, so far as appealed from, reversed, without costs, and without prejudice to a renewal of the motion.