(63 Misc. Rep. 58.)

## BROWN v. KIGHT et al.

(City Court of New York, Special Term.    March, 1909.)

1. ACTION (§ 69*)—STAY—PENDENCY OF ANOTHER ACTION.

 The City Court, in which an action against K. to foreclose a mechanic's lien was brought, and in which the lien was discharged by a bond being given under the statute by N., so that the action now proceeds against K. and N., will not stay an action subsequently brought by the same plaintiff against K. on the debt; the actions and the parties not being alike.

 [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. § 69.*]

2. MECHANICS' LIENS (§ 246*)—ACTION TO FORECLOSE—ACTION ON DEBT—LEAVE OF COURT—NUNC PRO TUNC ORDER.

 Under Code Civ. Proc. § 1628, made applicable by section 3401 to actions for foreclosure of mechanics' liens, and providing that, while an action to foreclose a real estate mortgage is pending, no other action to recover the mortgage debt shall be "commenced or maintained" without leave of the court in which the former action was brought, the latter court may, and where the second action is not oppressive, but will lead to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a speedier determination of the matter, will, make a nunc pro tunc order authorizing the second action brought without leave.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 431; Dec. Dig. § 246.*]

Action by Thomas Brown against Alonzo B. Kight and another. Heard on motion to stay proceedings by plaintiff in another action. Motion denied.

Samuel M. Fischer, for plaintiff.

Thomas C. Ennever, for defendants.

FINELITE, J. Motion by defendant to stay all proceedings by the plaintiff in an action brought by the plaintiff against the defendant Kight in the Municipal Court of the City of New York, Borough of Manhattan, Fifth District. It seems that an action to foreclose a mechanic's lien, presumably against property owned by defendant Kight, was instituted in this court by plaintiff. Issue was joined in August or September, 1908. Subsequently proceedings were had under the statute which resulted in an order being made fixing the amount of a bond to discharge said lien. The bond was given by the National Surety Company, and the lien discharged, and a supplemental answer setting up these facts was interposed. The action now proceeds against Kight and the National Surety Company. It seems that the action in the Municipal Court was commenced on or about November 10, 1908, but service of the summons could not be made upon the defendant Kight until March 2, 1909. The action in the Municipal Court can be tried, as plaintiff asserts, within the course of a few weeks.

Whether a stay should be granted rests in discretion. If all the parties in the Municipal Court action are in this action, and if the issues and pleadings in the Municipal Court action are the same as in this, it would be quite proper that the whole controversy should be determined in this action, which was first instituted, and unnecessary expense and litigation curtailed by the prosecution of the other suit. But the Municipal Court action is against the defendant Kight only; and the action in this court is against Kight and the National Surety Company. Although the action in this court is founded upon the same debt which is the basis of the action in the Municipal Court, yet the action in this court proceeds against the bond and is in the nature of an action in rem, and before that can be recovered upon all matters set forth in the mechanic's lien must be proven, and, that being the fact, the surety company would be entitled to interpose any defense in the action in this court it saw fit. Under the circumstances it cannot be said that both actions and the persons made parties defendant are alike, and this court could stay, as the attorney for the defendant says in his brief, the Municipal Court action "in the interest of justice and for the reason all the issues could be tried and disposed of in the City Court action." The action in the Municipal Court can be reached and tried in a few weeks from now, and as there can be no doubt of the fact that the plaintiff can pursue his remedy for the collection of the debt and the enforcement of his lien at the

same time by different actions (Power v. Onward Const. Co., 39 Misc. Rep. 708, 80 N. Y. Supp. 950), the court believes that the plaintiff should be permitted to try his case in the forum he last selected, and, if there judgment should be obtained and paid, it would be a bar to a recovery here.

Defendant's attorney contends in his brief that section 1628 of the Code of Civil Procedure, which is made applicable to actions for foreclosure of liens by section 3401 of the Code, has been violated by plaintiff in the institution of the Municipal Court action, without leave of the court, etc. The section is as follows:

"Sec. 1628. While an action to foreclose a mortgage upon real property is pending or after final judgment for the plaintiff therein no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought."

The statute was passed to prevent vexatious and oppressive litigation, but it can hardly be said that the institution of the action in the Municipal Court for work, labor, and services, and not founded upon the statute, as is the lien case in this court, is oppressive. Rather, upon the facts in this case, the court believes that, as a speedy determination can be had in the tribunal last selected by the plaintiff, he should be permitted to proceed to a trial therein instead of awaiting the hazard and delay in reaching the action here. However, the court believes there is ample authority vested in it to give permission or leave to the plaintiff to maintain his action in the Municipal Court. The section reads:

"No action shall be commenced or maintained * * * without leave of the court in which the former action was brought."

The permission of the court simply removes an obstruction against an enforcement by suit; and it has been held, if the action has been commenced without previous authority, the fact may be pleaded, and the plea would be in the nature of a plea in abatement to the action. If the plaintiff is defeated upon this ground, he may afterward apply to the court for leave to sue, and, if granted, he may commence a new action for the same cause. McKernan v. Robinson et al., 84 N. Y. 105. As the plaintiff had already commenced his action in the Municipal Court without leave, there seems to be no valid reason—

"why the court, instead of putting the plaintiff to the necessity of discontinuing, may not in a proper case manifest its consent to the prosecution of the action by a retroactive order to take effect as of the time anterior to its commencement. The defendant is, therefore, deprived of no substantial defense. The court in granting the order may impose such terms as shall be just." McKernan v. Robinson, supra.

By permitting onward steps to be taken in the Municipal Court action, in order to bring it to a speedy determination, which will end all the litigation between the parties, is, to the court's mind, doing substantial justice.

Motion denied.