### COOPER CO. v. NAUMBURG et al.

(Supreme Court, Appellate Division, Second Department. December 13, 1912.)

1. MORTGAGES (§ 561*)—FORECLOSURE—DEFICIENCY—ACTIONS FOR DEFICIENCY.
    Under Code Civ. Proc. § 1628, providing that while an action to foreclose a mortgage is pending, or after final judgment for plaintiff therein, no other action shall be commenced to recover any part of the mortgage debt without leave of court, there is no absolute right to sue the person liable for the mortgage debt after judgment of foreclosure and sale has been entered, but the right to do so should be granted only when satisfactory reasons are shown for not enforcing such personal liability in the foreclosure action.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

2. MORTGAGES (§ 561*)—FORECLOSURE—DEFICIENCY—ACTIONS FOR DEFICIENCY.
    An ex parte order granting leave to bring a separate action for a deficiency on a mortgage foreclosure cannot be sustained; the proposed defendant having a right to be heard on the application for leave to sue.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Kings County Court.

Action by the Cooper Company against Bernard Naumburg and another. From an order denying a motion to vacate an order previously granted, the defendant Elsa H. Naumburg appeals. Reversed, and motion to vacate granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edwin M. Otterbourg, of New York City (Charles A. Houston, of New York City, on the brief), for appellant.

Pierre M. Brown, of New York City, for respondent.

RICH, J. This appeal is by the defendant Elsa H. Naumburg from an order of the County Court of Kings County, which denied her motion to vacate and set aside an ex parte order granting plaintiff leave to bring an action against her upon a bond given as collateral to a mortgage. The mortgage had been foreclosed before the order was granted, and although the appellant was made a party defendant, she was not served with the summons and did not appear in the action.

[1] It appears that after sale in the foreclosure action (in which there was a deficiency) an order was entered upon appellant's motion, setting aside the judgment of foreclosure so far as she was concerned, and restraining plaintiff from entering a deficiency judgment. Subsequently the ex parte order granting leave to sue was granted. The motion to vacate that order was upon the sole ground that the application for leave to sue was granted without notice. It was held in Darmstadt v. Manson, 144 App. Div. 249, 128 N. Y. Supp. 992, that section 1628 of the Code of Civil Procedure confers no absolute right to sue the person liable for the mortgage debt after judgment of foreclosure and sale has been entered, and the right to do so should be granted only when satisfactory reasons are shown for not enforcing the personal liability in the foreclosure action. See Equitable Life Ins. Society v. Stevens, 63 N. Y. 341.

[2] The proposed defendant had a right to be heard upon the application, and the ex parte order cannot be sustained. U. S. Life Ins. Co. v. Poillon, 53 Hun, 636, 6 N. Y. Supp. 370; Walton v. Grand Belt Copper Co., 57 Hun, 588, 11 N. Y. Supp. 110; Matter of Marshall, 53 App. Div. 136, 65 N. Y. Supp. 760; Matter of Byrne, 81 App. Div. 74, 80 N. Y. Supp. 977; Morrison v. Slater, 128 App. Div. 467, 112 N. Y. Supp. 855.

It follows that the order must be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.