EDWARD SAUTTER, Plaintiff, *v.* BELLE FRICK and Others, as Administratrices; etc., of CHARLES F. LANE, Deceased, Defendants.

Supreme Court, Wayne County, January 31, 1929.

*Charles P. Williams,* for the plaintiff.

*Walter W. Wilcox* [*William U. Kreutzer* of counsel], for the defendants.

CUNNINGHAM, J.   The bond on which this action is brought and the mortgage accompanying it are dated October 7, 1912, and were delivered to the plaintiff by Charles F. Lane, now deceased, to secure the payment of the sum of $2,000.

The plaintiff became the owner by assignment of a mortgage made by said Charles F. Lane, dated October 21, 1909.

In each of these mortgages the same real property was conveyed as security for the payment of the mortgage debt.

In 1914 the plaintiff foreclosed the prior of these mortgages and upon the foreclosure sale bid in the property.   He now seeks to recover from the estate of the deceased upon the bond accompanying the later of these mortgages.

When the plaintiff purchased the mortgaged premises he did so with the intention that he would take the lands in payment of the moneys owing to him by Lane, which were secured by mortgages upon the property, and also with the intention that his equitable title under the subsequent mortgage should merge with the legal title obtained by him upon the sale.

Such merger canceled the mortgage debt.   (*Hull* v. *Cronk,* 55 App. Div. 83; appeal dismissed, 166 N. Y. 606; *Westcott* v. *Fidelity & Deposit Co.,* 87 App. Div. 497; 27 Cyc. 1377, 1378.)

Cyc. says: " Under the rules of law, the ordinary consequence of the purchase or acquisition of the equity of redemption in mortgaged premises by the mortgagee is to merge the two estates, vest the mortgagee with the complete title, and put an end to his rights or title under the mortgage.   *   *   *   A reciprocal consequence of the mortgagee's purchase of the equity of redemption is that the mortgage debt is extinguished, and no longer subsists either as a lien on the premises or as a personal obligation of the mortgagor."

In *Hull* v. *Cronk* (*supra*) it is said: " It is further urged that the court erred in its finding of merger in fact and in law, in that the debt cannot be drowned.   Thomas on Mortgages (§ 363) says: ' And where the mortgaged land and the mortgage both vest in the same person, the mortgage debt cannot thereafter be enforced against the mortgagor, though the land be at that time of less value than the amount of the debt.' (*Dickason* v. *Williams,* 129 Mass. 182.) "

It would be inequitable to decide in this action that there had not been a merger. (*Stehl* v. *Uris*, 210 App. Div. 444, and cases cited.)

As there was a merger in fact and in law of plaintiff's equitable title under the mortgage with his legal title, the mortgage debt has become extinct and may not be enforced.

The complaint is dismissed, with costs.