THE RALPH KLONICK CORPORATION, Plaintiff, *v.* FRED C. HAAS and Others, Defendants.

Supreme Court, Monroe County, March 17, 1930.

*Henry R. Glynn*, for the plaintiff.

*David A. Cohen*, for the defendant.

RODENBECK, J. The action is brought to recover on a bond owned by the plaintiff secured by a second mortgage on real property. The first mortgage has been foreclosed and the property sold thereunder. The mortgagee of the second mortgage was made a party to that action, and the lien under his mortgage has been extinguished. The property was purchased by one A. William Black, who, it is claimed, was associated with the plaintiff at the time of the sale. This is denied by the plaintiff in its affidavits, and there are no facts set up in the answering affidavits which raise an issue upon

this question. The opposing affidavits do not raise the issues suggested by the defendant. Issues are raised only by statements of facts and not by conclusions of law. There are no facts presented to show that the purchaser under the foreclosure of the first mortgages is identical with the plaintiff. The purpose of a motion for summary judgment is to compel the presentation of facts upon which the opposition relies. There was no surplus and the only remedy the second mortgagee had was to enforce his debt by action. Even while the second mortgage was in existence, the mortgagee might have pursued this remedy. (*Wyckoff* v. *Develin*, 12 Daly, 144.) At common law a party could resort to all the remedies he had until one satisfaction was obtained. (*Gambling* v. *Haight*, 59 N. Y. 354; *Webb* v. *Van Zandt*, 16 Abb. Pr. 190; *Pollock* v. *Ehle*, 2 E. D. Smith, 541 and note; *Gillette* v. *Smith*, 18 Hun, 10; *Schaaf* v. *O'Brien*, 7 Wkly. Dig. 349.) Leave to bring an action on the debt after foreclosure is not required in this situation. (Civ. Prac. Act, § 1078.) There are no such facts as are present in *Sautter* v. *Frick* (133 Misc. 517). The defendant cannot raise in this action the issues as to the regularity of the proceedings in the foreclosure action. The judgment in that action cannot be attacked collaterally. The questions of procedure raised in the answer are without merit in this action. (*Collins* v. *McArthur*, 32 Misc. 538; *Schmalholz* v. *Polhaus*, 49 How. Pr. 59.)

There is no issue of fact raised by the pleadings, and the plaintiff is entitled to have the answer stricken out and to have summary judgment.