PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Plaintiff, *v.* CALLISTER BROTHERS, INC., and Another, Defendants.

Supreme Court, Special Term, Queens County, July 2, 1940.

*Austin & Dupont*, for the plaintiff.

*Alfred J. Loew*, for the defendants.

FROESSEL, J. Application by petitioning bank, pursuant to section 1078 of the Civil Practice Act, for leave to bring an action against John T. Callister and William L. Callister on three renewed promissory notes indorsed by them, and made by Callister Brothers, Inc., aggregating in principal amount the sum of $179,600.

It is needless to review here the entire background and history of the prior litigation. The relevant facts on this application follow. In April, 1938, petitioner held the aforesaid three notes, then past due, and at the same time held, as collateral security, a bond and mortgage on real estate of said Callister Brothers, Inc., in the sum of $150,000. On April 12, 1938, petitioner commenced an action to foreclose the aforesaid mortgage and in due course the property was sold at the foreclosure sale to petitioner for the sum of $1,000, subject to unpaid taxes and assessments of about $30,000. The amount found due on said bond and mortgage at the date of the conveyance on September 19, 1938, was $162,509.10. No

deficiency judgment was asked for in the complaint, and none was at any time applied for in the foreclosure action. Nineteen months have intervened between the date of said conveyance and the date of the petition herein.

Petitioner, having foreclosed said mortgage, now asks for leave to sue the indorsers on the notes, upon crediting them with the sum of $100,000, which petitioner claims is about twice the amount it will actually net out of the foreclosed property, and in any event is considerably more than the " fair and reasonable market value," as indicated by an appraisal made less than a month after the foreclosure sale, showing such value to be $86,000, after deducting the aforesaid tax arrears.

The indorsers urge the denial of this application (1) in the exercise of discretion and (2) by virtue of the provisions of sections 1083 and 1083-a of the Civil Practice Act. The facts submitted do not warrant the denial of this application in the exercise of the court's discretion. Nor do the foregoing provisions of the Civil Practice Act justify the denial of this application, though they are clearly applicable to the present situation. Petitioner having failed to enter a deficiency judgment, the statute provides that " the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt," which the referee to sell in the foreclosure action fixed in the sum of $162,509.10. Under the circumstances existing here, this amount represents the " proceeds of the sale," and in the language of our Appellate Division in this very case, petitioner is now required to " apply the proceeds of a sale upon foreclosure of the mortgage to the note indebtedness." (256 App. Div. 1097; motion granting leave to appeal to the Court of Appeals, 257 id. 1004; affd., 282 N. Y. 629.) The situation is as though Callister Brothers, Inc., had paid this amount on account of their note indebtedness of $179,600 and accrued interest; and of course the obligation of the indorsers is reduced accordingly.

Inasmuch as the bond and mortgage were held as collateral security for the payment of the three outstanding notes, and not for a particular note, the application for leave to sue on said notes is granted, but petitioner will be obliged to give a credit of $162,509.10 on the amount due thereon.

Settle order on notice.