■ WILLIAM R. GINSBERG, Appellant, v. WILLIAM ROBERTS et al., Defendants, and ABRAHAM ADELMAN, Respondent.— In a mortgage foreclosure action, the plaintiff mortgagee appeals from so much of an order of the Supreme Court, Westchester County, dated May 17, 1963, as granted the defendant Adelman's motion, pursuant to rule 103 of the Rules of Civil Practice, to strike out as sham paragraph Fifteenth of the complaint alleging that: "No other action has been commenced for the recovery of the indebtedness secured by the said mortgage." The order granted leave to plaintiff to serve an amended complaint. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Plaintiff's time to serve the amended complaint is extended until 20 days after entry of the order hereon. Prior to institution of this foreclosure action, the plaintiff mortgagee, as coplaintiff with the mortgagor, commenced an action against an insurance company to recover for a fire loss. The insurance policy, issued to the mortgagor, contained the usual mortgagee clause requiring payment of the policy proceeds to the mortgagee to the extent of his interest. Any payment received by the mortgagee from the insurance company would reduce the mortgage debt *pro tanto*, or, if large enough, would discharge it completely. Rule 255 of the Rules of Civil Practice provides that a foreclosure complaint "must state whether any other action has been brought to recover any part of the mortgage debt, and if so, whether any part thereof has been collected." In our opinion, the prior action on the fire insurance policy is such "other action" within the ambit of rule 255. Hence, the allegation in the complaint to the effect that no other action has been commenced for the recovery of the indebtedness secured by the mortgage is sham and Special Term's order striking it out (with leave to replead) was proper. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.