OPINION OF THE COURT
Stanley Harwood, J.
Motions by defendants to dismiss pursuant to CPLR 3211 (subd [a], pars 4, 7) are granted as indicated below; the request by plaintiffs for nunc pro tunc leave to commence this action and for summary judgment pursuant to CPLR 3211 (subd [c]) is denied.
This is an action to recover an unpaid mortgage debt. In or about 1970, plaintiffs sold property located in Suffolk County to Nellen Development Corp. (NDC), a shell corporation in which defendant Blatte, defendant Mattikow and Cervera, now deceased, were principals. NDC took title subject to a first mortgage held by the Mid-Island Council of the Girl Scouts of America (GSA). A series of subsequent land transfers ensued, ultimately resulting in title to an undivided one-fourth interest passing to Blatte and Mattikow and an undivided one-half interest passing to Cervera. The precise date of the final transaction is not specified, although it is clear that it occurred prior to July, 1975, the *634 due date for the principal balance on the mortgage held by plaintiffs. On July 21,1975, Blatte, Mattikow and Cervera obtained from plaintiffs an extension for payment of the balance (approximately $220,000) until July 8, 1976. The parties’ written agreement provides that “the party of the second part [Blatte, Mattikow and Cervera] will pay the indebtedness as provided herein”.
No payments were made pursuant to the extension agreement and in August, 1976, plaintiffs commenced a foreclosure action in the Supreme Court, Suffolk County, against, inter alia, these defendants and NDC. In their complaint, a copy of which has been submitted by defendants, plaintiffs alleged the mortgage, the extension agreement, failure to pay and that “by reason of the foregoing, the defendants are in default on the mortgage and note”. The prayer for relief, however, refers only to NDC in its request for a deficiency judgment. In November, 1976, the GSA brought an action to foreclose on the first mortgage, resulting in a judgment of foreclosure and sale entered in its favor on September 5, 1978. The plaintiffs’ action was apparently vigorously litigated (cf. Stein v Nellen Dev. Corp., 65 AD2d 789) and in March, 1979, plaintiffs were granted summary judgment of foreclosure. Plaintiffs assert here that they proceeded no further because of the action on the first mortgage by GSA, for which a sale of the premises is alleged to have been scheduled for October 26, 1978. That sale did not take place, however, until January, 1982, the delay, according to plaintiffs, being caused by defendants. At the sale the GSA purchased the property. No surplus resulted, and plaintiffs’ lien was thereby effectively extinguished. (See Wachtel v Tantleff, 255 App Div 867; 38 NY Jur, Mortgages & Deeds of Trust, § 311.)
RPAPL 1301 (subd 3) provides that: “While * * * [a foreclosure] action is pending or after final judgment for the .plaintiff therein, no other action shall be commenced or maintained to recover any part of a mortgage debt, without leave of the court in which the former action was brought.” Notwithstanding this provision, in or about April, 1982, plaintiff commenced this action in Supreme Court, Nassau County, immediately seeking accelerated judgment pursuant to CPLR 3213. By order of this court (Meade, J.) dated *635 September 7, 1982, that relief was denied and plaintiffs were directed to serve a formal complaint. The complaint so served makes no reference to the prior foreclosure action; it does not appear that issue has been joined.
Defendants, in separately but simultaneously submitted motions, move to dismiss, asserting that plaintiffs’ foreclosure action is still pending in Supreme Court, Suffolk County, and that because of plaintiffs’ failure to seek a deficiency judgment against these defendants in that action and because of their failure to seek leave from that court, plaintiffs have no cause of action. In their opposing affidavits, plaintiffs, relying on the clear language of the extension agreement, request summary judgment pursuant to CPLR 3211 (subd [c]). Through their legal memoranda, plaintiffs request nunc pro tunc leave to commence this action, asserting that for purposes of RPAPL 1301 (subd 3), this court and Supreme Court, Suffolk County, both being branches of the State-wide Supreme Court system (see NY Const, art VI, § 7, subd b), are one and the same. Defendants oppose plaintiffs’ request for affirmative relief on procedural (see CPLR 2215) and substantive grounds, alleging, inter alia, that the triable issues of mutual mistake and usury are extant. Plaintiffs assert that the usury issue was fully litigated and resolved against the defendants in the foreclosure action (see Stein v Nellen Dev. Corp., supra). Neither side has submitted copies of any decisions issued by the court in the prior foreclosure action, nor is there any documentation submitted which indicates its official status.
It is true that holders of notes or bonds secured by a mortgage have two remedies: an equitable action in foreclosure or an action at law on the note or bond. (See Boyd v Jarvis, 74 AD2d 937.) It is also true that a junior mortgagee whose lien has been extinguished has but one remedy: an action at law. (Klonick Corp. v Haas, 136 Misc 286.) But here, while both remedies were still alive, plaintiffs elected to proceed by way of a foreclosure action which resulted in summary, although perhaps not yet final, judgment in their favor, and because of that election, they have no right to proceed with their legal remedy until the court has given them one. (RPAPL 1301, subd 3; see White v *636 Wielandt, 259 App Div 676, mod on other grounds 260 App Div 871, affd 286 NY 609.) Without court leave, plaintiffs have no cause for a separately commenced action. (Scofield v Doscher, 72 NY 491; Robert v Kadansky, 111 App Div 475, affd 188 NY 638.)
Plaintiffs are correct in their assertion that an action to recover on a mortgage debt need not be dismissed because of failure to obtain necessary court leave, and that “the court in which the former action was brought” (RPAPL 1301, subd 3) may grant the leave nunc pro tunc. (See McKernan v Robinson, 84 NY 105; cf. Durham v Chapin, 30 App Div 148.) Their assertion that Supreme Court, Nassau County, is the court in which the foreclosure action was brought, however, is without merit. Plaintiffs were required to bring the foreclosure action in Supreme Court, Suffolk County (NY Const, art VI, § 7, subd a; CPLR 507), and while their lien was extinguished by foreclosure and deficiency sale in the action by GSA, their action in Supreme Court, Suffolk County, was not. (Cf. Weisel v Hagdahl Realty Co., 241 App Div 314; Culliford v Weingrad, 196 Misc 86, affd 275 App Div 954.) It is possible in a foreclosure action to obtain all the relief to which a plaintiff may be entitled (see Wyckoff v Devlin, 12 Daly 144) and the aim of RPAPL article 13 is “to confine all proceedings to collect the mortgage debt to one court and one action.” (Carlin v Lindtveit, 175 App Div 940; see, also, White v Wielandt, supra.) To construe “court” when used as in RPAPL 1301 (subd 3) and as applied here to mean Supreme Court, any county, is to defy the applicable rules of construction (see McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 92, 98, 113, 143, 144) and would frustrate the purpose underlying the legislative intent presently embodied in RPAPL article 13.
Because of plaintiffs’ failure to refer in the complaint here to their foreclosure action, the complaint is not facially defective. However, it is apparent from the facts as presented by both sides (see CPLR 3211, subd [c]) that plaintiffs cannot allege a necessary element of their cause of action. And while this court and the Supreme Court, Suffolk County, are each branches of the New York State Supreme Court with co-ordinate jurisdiction, this court *637 will not grant plaintiffs’ procedurally defective request for leave to commence this action. Supreme Court, Suffolk County, the court in which the foreclosure action was brought, has greater familiarity with this matter and readier access to court and other records pertinent to the dispute. The complaint is accordingly dismissed without prejudice to any available steps plaintiffs may be advised to take in the New York State Supreme Court, Suffolk County.