OPINION OF THE COURT
Joan B. Lefkowitz, J.
The motions submitted herein appear to raise an issue of first impression as to whether the court can prudently exercise its discretion to grant leave nunc pro tune to a mortgagee for permission to sue the insurer on a fire policy that insured the mortgaged property while a prior action by the mortgagee against the mortgagor to foreclosure the mortgage is still pending?
Plaintiff mortgagee presents two motions: (1) for leave to serve a second amended complaint in an action on the standard mortgagee clause contained in a fire insurance policy and (2) for leave pursuant to RPAPL 1301 (3) to sue nunc pro tune. Defendant insurer moves to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).
The mortgaged premises suffered a fire loss on December 9, 1988. Plaintiff commenced a foreclosure action on July 16, 1990 against the mortgagor, Shloma Tietelbaum, for default in payment of principal and interest that first occurred on September 1, 1989. On December 10, 1990, plaintiff commenced an action against the insurer under the standard mortgagee fire insurance clause of the insurance policy issued to Mr. Tietelbaum.
The court will address defendant’s motion first. Its motion to dismiss is premised on three grounds: (1) the complaint is defective in that it fails to comply with RPAPL 1301 (2), (2) the Statute of Limitations bars the action and (3) loches.
RPAPL 1301 (2) requires in an action on the mortgage debt that the complaint state if any other action has been commenced to recover on said debt. The instant complaint fails to do so. Plaintiff attempts to cure this by seeking leave to serve a second amended complaint which refers to the prior foreclosure action and for permission to sue in this action nunc pro tune.
RPAPL 1301 provides:
"§ 1301. Separate action for mortgage debt
"1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an *131 action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied.
"2. The complaint shall state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected.
"3. While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.”
RPAPL 1371 provides that a deficiency judgment may be obtained against a mortgagor in a foreclosure action and if no such request is made therein no deficiency shall be awarded in any other action.
These provisions were enacted (and can be traced back to the Revised Statutes, the Field Code and the Civil Practice Act) to curb perceived abuses with respect to double litigation on the bond and on the mortgage and purchases of the mortgaged property at distressed price below fair market value with a subsequent suit for the balance due on the bond. (Equitable Life Ins. Socy. v Stevens, 63 NY 341, 344-345 [1875]; Wandschneider v Bekeny, 75 Misc 2d 32, 36 [Sup Ct, Westchester County 1973].) In special circumstances, the court might exercise its discretion to permit a later suit on the bond where no deficiency could be obtained in the foreclosure action. (Equitable Life Ins. Socy. v Stevens, 63 NY 341, supra.) This might occur, for example, where an in personam judgment could not be obtained against a guarantor of the bond. (Irving Trust Co. v Seltzer, 265 App Div 696 [2d Dept 1943].)
RPAPL 1301 has been held inapplicable to the situation where the earlier action is on the debt and the subsequent suit is to foreclose the mortgage. (D’Agostino v Wheel Inn, 65 Misc 2d 227 [Rockland County Ct 1970].) In D’Agostino Judge Gallucci held that court permission to bring the second action to foreclose the mortgage is not required. Thus, under that holding this plaintiff could have first sued the insurer and later brought an action to foreclose the mortgage without the necessity of seeking court permission. It was so held in Ginsberg v Roberts (19 AD2d 739 [2d Dept 1963]). Judge Gallucci *132 sagely noted (65 Misc 2d, at 230-231): "The court finds that although section 1301 of the Real Property Actions and Proceedings Law restricts and limits the rights of a holder and owner of a bond or note and mortgage to pursue, at the same time, alternate remedies in enforcement thereof, it does not totally bar or prohibit concurrent actions by a plaintiff or require the leave of the court in all instances of dual enforcement of remedies.”
However, it is well settled that absent special circumstances the court will not grant leave to sue on the bond in a later action where a deficiency could have been obtained in the earlier foreclosure action but was not sought. (Boyd v Jarvis, 74 AD2d 937 [3d Dept 1980].) Questions of public policy apply to avoid double litigation and abuse. (See, Mony Credit Corp. v Colt Container Servs., 169 AD2d 760 [2d Dept 1991].) That is not true here as different contractual interests and parties are involved. Indeed, the plaintiff here may not obtain full recovery in the mortgage foreclosure action since the property has been damaged by fire and, further, the interest insured may not be precisely the same as the interest mortgaged. (Compare, Wesselman v Engel Co., 309 NY 27, 30 [1955], with Grady v Utica Mut. Ins. Co., 69 AD2d 668 [2d Dept 1979].)
A suit on the note or bond that accompanies the mortgage is a suit on the "mortgage debt” within the meaning of RPAPL 1301 (3). (President & Directors of Manhattan Co. v Callister Bros., 256 App Div 1097 [2d Dept 1939] [construing Civil Prac Act § 1078], affd 282 NY 629 [1940].) Interestingly, in President the plaintiff obtained leave to sue on the bond after the foreclosure action was completed without an award of a deficiency (President & Directors of Manhattan Co. v Callister Bros., 175 Misc 421 [Sup Ct, Queens County 1940], affd 260 App Div 880 [2d Dept 1940]). What is not permitted by the courts is simultaneous actions or the assertion of other causes of action relating to the mortgage debt in one action. (White v Wielandt, 259 App Div 676 [2d Dept 1940], mod 260 App Div 871 [2d Dept 1940], affd 286 NY 609 [1941]; Stern v Itkin Bros., 87 Misc 2d 538 [Sup Ct, NY County 1975].) In such cases leave to bring a second action while the foreclosure action is pending is invariably denied. (Kamerman v C.D.C. Furniture Mfg. Corp., 5 Misc 2d 27 [Sup Ct, NY County 1956].)
The purpose of RPAPL 1301 (3) is to erect a bar against a second action on the debt until return of an execution on a judgment, unsatisfied, on the first action. (2 Mortgages & *133 Mortgage Foreclosure in New York § 33:9 [rev ed].) However, while a failure to allege in the complaint on the debt that no other action has been brought may lead to dismissal, the better rule is that the absence thereof is a mere irregularity curable by the court sua sponte or by leave to amend the pleadings. (Ginsberg v Roberts, 19 AD2d 739, supra; Ajello v Ajello Co., 214 App Div 729 [2d Dept 1925]; CPLR 2001; 15 Carmody-Wait 2d, NY Prac, § 92:137; 2 Mortgages & Mortgage Foreclosure in New York § 33:9 [rev ed].) This is true because failure to obtain leave initially is not a jurisdictional defect. (Honeyman v Hanan, 275 NY 382, 392 [1937].)
In Ginsberg v Roberts (supra), the court held that phrase "other action” in the predecessor of RPAPL 1301 (2) included an action by the mortgagee on a fire insurance policy and, further, upheld the grant of leave to serve an amended complaint in the foreclosure action to allege the existence of the other action. Since there is no requirement that a mortgagee must exhaust its remedy under the mortgage before enforcing its rights against the insurance policy (77 NY Jur 2d, Mortgages, § 191), it is clear that, as in Ginsberg v Roberts (supra), an action to enforce rights under the policy may coexist with one to foreclosure the mortgage. This is also exemplified in Grady v Utica Mut. Ins. Co. (69 AD2d 668, supra) where the court held that the insurer’s obligation to the mortgagee, on a fire after a foreclosure action had been brought but no sale had occurred, was measured by the amount of the lien (principal plus interest), unpaid taxes and assessments, costs and disbursements of the foreclosure action —but not to exceed the face amount of the policy. The court there noted (69 AD2d, at 675): "A standard mortgagee clause in a contract of fire insurance contemplates the possibility of foreclosure of the mortgage”. Implicit therein is the possibility that simultaneous actions may occur.
Defendant relies on several provisions of the standard mortgagee clause in the fire policy but, as noted by plaintiff, the policy has not been submitted to the court. Consequently, the court will assume that its provisions are no different than the standard fire policy language contained in section 3404 (e) of the Insurance Law. (Heilbrunn v German Alliance Ins. Co., 140 App Div 557, 559 [1st Dept 1910], affd 202 NY 610 [1911].)
Generally, the standard mortgagee clause obtained by the mortgagor is a separate contract between the insurer and mortgagee so that if the mortgagor has not breached any conditions that would lead to subrogation rights, payment by *134 the insurer to the mortgagee is a pro tonto reduction of the mortgage debt. (Syracuse Sav. Bank v Yorkshire Ins. Co., 301 NY 403, 407 [1950]; Fields v Western Millers Mut. Fire Ins. Co., 290 NY 209, 213 [1943]; Goldstein v National Liberty Ins. Co., 256 NY 26, 32 [1931]; Murphy v Aetna Ins. Co., 96 AD2d 99, 101 [4th Dept 1983]; Grady v Utica Mut. Ins. Co., 69 AD2d 668, 673, supra; 77 NY Jur 2d, Mortgages, § 195; 69 NY Jur 2d, Insurance, § 1075.) At bar, prior to the fire, there were no apparent breaches of conditions by the mortgagor. Even if there were, no act or neglect by the mortgagor under the policy could negate the plaintiff’s separate and distinct rights thereunder.
[The court determined that the action was not barred by the Statute of Limitations or loches. That discussion has been omitted for purposes of publication.]
Having determined that the action on the policy was timely and no defense exists to bar the claim, the court will now consider whether relief should be granted under RPAPL 1301 (3) nunc pro tune. In doing so the court is cognizant of the fact that leave to sue is a matter of discretion to be providently exercised (Irving Trust Co. v Seltzer, 265 App Div 696, 699, supra) and the paramount concern is the legislative intent, the object to be remedied and the evil against which the legislation is directed. (McNally v Addis, 65 Misc 2d 204 [Sup Ct, Westchester County 1970].)
At bar, it is clear that the legislative policy embodied in RPAPL 1301 was never intended to deprive a lender from recovering on a fire insurance policy. (Grady v Utica Mut. Ins. Co., 69 AD2d 668, supra; Ginsberg v Roberts, 19 AD2d 739, supra.) As noted earlier, any recovery herein is credited to the mortgagor in the foreclosure action so that the abuse against which RPAPL 1301 is directed is not implicated herein.
In McKernan v Robinson (84 NY 105 [1881]), the Court of Appeals sustained a nunc pro tune order in an action on a guaranty of the mortgage debt, for leave to sue, where the prior foreclosure action had gone to judgment. Other cases have recognized nunc pro tune orders in similar circumstances. (Durham v Chapin, 30 App Div 148 [3d Dept 1898] [improper where ex parte]; Stein v Blatte, 118 Misc 2d 633, 636 [Sup Ct, Nassau County 1983] [improper to ask Nassau County Supreme Court for leave where former action pending is in Suffolk County].)
The defendant correctly points out that the motion for *135 leave to sue should be made in the foreclosure action but this is a distinction without a difference. Both actions are pending in the Supreme Court, Rockland County, so that it seems immaterial that the motion is made in the wrong action (Stein v Blatte, 118 Misc 2d 633, supra), particularly since failure to obtain leave to sue initially is not jurisdictional. (Honeyman v Hanan, 275 NY 382, supra.) The court treats the application in the wrong action as a mere irregularity, to be corrected by assuming it was made in the foreclosure action (CPLR 2001). While it is true that the mortgagor in that action would be entitled to notice of the motion he obviously would have no objection to the mortgagee’s recovery on the fire policy since that leads to a pro tanto reduction of the mortgage debt. Thus, no substantial right of any party is prejudiced and the irregularity is disregarded.
Accordingly, plaintiff’s motion for leave to sue nunc pro tune pursuant to RPAPL 1301 (3) is granted, as is its motion for leave to serve a second amended complaint so as to plead compliance with RPAPL 1301 (2). The plaintiff, if it be so advised, may move to amend its complaint in the foreclosure action to be in similar compliance. The cross motion to dismiss the complaint is denied.
[Portions of opinion omitted for purposes of publication.]