■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of NEW BANK OF NEW ENGLAND, N. A., Appellant, v 1873 WESTERN AVENUE CORPORATION et al., Defendants, and AR-

MAND QUADRINI et al., Respondents. (Action No. 1.) RECOLL
MANAGEMENT CORPORATION, Appellant, v ARMAND QUADRINI
et al., Respondents. (Action No. 2.) [639 NYS2d 163] —Yesawich
Jr., J.

Defendant Armand Quadrini (hereinafter Quadrini) executed
a mortgage and consolidation agreement, granting New Bank
of New England, N. A. a lien on real property located at 1873
Western Avenue (hereinafter the premises) in the Town of
Guilderland, Albany County. Thereafter, New Bank of New
England, N. A., as assignee of plaintiff Federal Deposit Insur-
ance Corporation (hereinafter FDIC), the receiver for the
mortgagee, commenced action No. 1 against, among others,
defendants Quadrini, Mary Anne Quadrini and Armand
Quadrini Construction, Inc. (hereinafter collectively referred to
as the Quadrini defendants), to foreclose the mortgage.

In time, FDIC, which had been substituted as plaintiff, was
awarded summary judgment in the foreclosure action and a
Referee was appointed to compute the amount due. Before the
Referee's report was confirmed, however, Quadrini located a
private buyer for the premises. It was agreed that FDIC would
receive the $1.1 million purchase price; to consummate the
sale, FDIC consented to release its lien on the premises. The
parties commenced negotiations with respect to Quadrini's
eventual payment of the remainder of the debt, and the pos-
sibility of a three-year deficiency note, secured by some of
Quadrini's other properties, was discussed, but no mutually ac-
ceptable agreement was reached. As the closing approached,
Quadrini's counsel, summarizing Quadrini's offer made to
induce relinquishment of the mortgagee's lien, stated that
"[t]he pending litigation will continue so as to allow the parties
time to agree upon a method of payment for the deficiency.
The method and amount of deficiency shall be agreed upon by
the parties, with [FDIC] reserving all of its rights under the
pending litigation." Shortly thereafter, the sale was consum-
mated, and the entire proceeds were paid to FDIC, which had
executed the agreed-upon release.

Two months later, FDIC moved to discontinue the foreclo-
sure action, purportedly at the request of a company seeking
to insure title to the premises; the motion was granted and the

action was discontinued, with prejudice. FDIC then moved, in the context of that action, for a deficiency judgment against defendant 1873 Western Avenue Corporation and the Quadrini defendants, in the amount of approximately $1.3 million plus interest. Supreme Court denied the motion, declaring that it had no jurisdiction to grant the requested relief, as no action was pending. FDIC appeals from this order.

Thereafter, Recoll Management Corporation, FDIC's attorney-in-fact, commenced a separate action (action No. 2) against the Quadrini defendants, again seeking a deficiency judgment for the same amount. The Quadrini defendants moved to dismiss that action on the ground that Recoll had not obtained leave of court, as required by RPAPL 1301 (3), to bring a separate action on the underlying debt. Supreme Court granted the motion and Recoll appeals. By order of this Court, the appeals are being heard and decided together upon a joint record.

The foreclosure court did not err in refusing to entertain FDIC's motion for a deficiency judgment, for no foreclosure sale had been conducted (*see,* RPAPL 1371) and the foreclosure action had, in fact, been discontinued. Furthermore, because plaintiff had procured a favorable judgment in that proceeding, prior to its discontinuance, the separate action to recover on the debt (action No. 2) could not be commenced without leave of court (*see,* RPAPL 1301 [3]; *Brown v Bellamy,* 170 AD2d 876, 878, *lv denied* 78 NY2d 853). As leave was not requested, the court was technically justified in dismissing the complaint (*see, supra; Robert v Kidansky,* 111 App Div 475, *affd* 188 NY 638).

It is our view, however, that the more efficient procedural course—when a party commences an action of this type without first obtaining permission—is for the court to regard the complaint as incorporating a motion for leave, and proceed to consider the merits of that application (*see, McKernan v Robinson,* 84 NY 105, 107; *cf., Stein v Blatte,* 118 Misc 2d 633, 635-636). Inasmuch as Supreme Court did not address the question of whether the somewhat unusual circumstances presented here warrant permitting a separate action on the debt, we deem it judicious to reverse the order dismissing action No. 2 and to remit the matter so that Supreme Court can do so, after affording the parties an opportunity to address the relevant equitable and policy considerations (*see, 201 Brook Realty Corp. v Merrill Assocs.,* 192 AD2d 302; *Boyd v Jarvis,* 74 AD2d 937; *Citibank v Covenant Ins. Co.,* 150 Misc 2d 129, 134).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur.

Ordered that the order in action No. 1 is affirmed, without costs. Ordered that the order in action No. 2 is reversed, on the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.