In the Matter of the Petition of JAMES MOORE, Appellant, for Leave to Sue THE ANGLO-AMERICAN DRY DOCK AND WAREHOUSE COMPANY, Respondent.

SAMUEL K. PROBASCO, Plaintiff, *v.* THE ANGLO-AMERICAN DRY DOCK AND WAREHOUSE COMPANY, Defendant.

THOMAS COCHRAN and Another, Plaintiffs, *v.* THE ANGLO-AMERICAN DRY DOCK AND WAREHOUSE COMPANY and Others, Defendants.

*Action on the bond, pending a mortgage foreclosure — Code of Civil Procedure, § 1628 — application for an order thereunder — when it should be denied.*

Section 1628 of the Code of Civil Procedure shows an intention on the part of the Legislature to place a restriction upon the holders of bonds secured by a mortgage which is in process of foreclosure, and unless cogent reason is presented for the granting of an order of the court under such section, granting leave to a bondholder to commence an action on his bonds during the pendency of an action brought to foreclose the mortgage securing the same, an application for such an order should be denied.

APPEAL by the petitioner, James Moore, from an order of the Supreme Court, made by a justice of the Supreme Court at Chambers and entered in the office of the clerk of the county of Kings on the 30th day of August, 1894, denying the petitioner's motion for leave to sue The Anglo-American Dry Dock and Warehouse Company upon two of its second mortgage bonds.

*Everett P. Wheeler,* for the appellant.

*Lucien Birdseye,* for the respondent.

DYKMAN, J.:

This is an appeal from an order made at the Special Term denying the petition of James Moore for leave to sue The Anglo-American Dry Dock and Warehouse Company.

The petitioner is the owner of two bonds for $1,000 each, issued by the company. They are part of an issue of 500 bonds of $1,000 each; all of the valid bonds of this issue are secured by second mortgage of Thomas Cochran and William W. Flannagan. In 1891 an action was commenced to foreclose this mortgage, and that action is still pending. A protracted litigation ensued respecting the validity and consideration of many of the bonds. The judgment

entered was reversed in part by the General Term, and a new trial was ordered before the referee.

The motion is based upon section 1628 of the Code of Civil Procedure, which is as follows: " While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought." This statute manifests the intention of the Legislature to place a restriction upon holders of bonds secured by a mortgage which is in process of foreclosure, and unless a cogent reason is presented for the action of the court under that section it should be denied.

In this particular case our conclusion is that all the bondholders should abide the result of the foreclosure suit, and that the order appealed from should be affirmed.

BROWN, P. J., and CULLEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.