those bonds would extend the doctrine beyond that of any reported case, and shake the foundation upon which the law of negotiable paper rests. When the defendant took the last bond from Pell, it undoubtedly had notice which put it upon inquiry, and it obtained no title thereto. As to the other bonds, however, it must be protected, as a bona fide holder, to the extent of its interest therein.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.

---

### In re MARSHALL.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. MORTGAGES—FORECLOSURE—DEFICIENCY—PERMISSION TO SUE.

   Where plaintiffs in a foreclosure suit against defendants and their grantees had voluntarily dismissed as to defendants on the distinct representation that they would not ask for a deficiency judgment against defendants, it was error to permit them to pursue an action at law against defendants for a deficiency after exhausting their remedy by foreclosure.

2. SAME—EX PARTE ORDER.

   An order granting mortgagees permission to sue the mortgagors for a deficiency arising on sale of the mortgaged property under foreclosure should be granted only after notice to the parties.

Appeal from special term, New York county.

Application by Mary Knapp Marshall for permission to sue Mathilda Addison and John Addison at law to recover the amount of a deficiency on the sale of mortgaged premises under foreclosure. From a judgment denying a motion to vacate an ex parte order granting such permission, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles L. Greenhall, for appellants.
Robert McM. Gillespie, for respondents.

PATTERSON, J. This appeal is from an order denying a motion to vacate an ex parte order, by which leave was granted to Mary Knapp Marshall to bring an action at law against Mathilda Addison and John Addison to recover the amount of a deficiency upon the sale of mortgaged premises in a foreclosure action. Mary Knapp Marshall was the mortgagee of the premises, the mortgage having been made by Mathilda Addison and her husband, and as collateral to a bond executed by them. The mortgage was for the sum of $10,000. The Addisons, who were the owners of the equity of redemption, conveyed the premises to a third party, subject to the mortgage, and thereafter stood in the relation of sureties or guarantors of the mortgage. They were made parties defendant to the foreclosure action, but during the pendency of that action the plaintiff, Marshall, applied to the court for leave to discontinue as to them, stating as the reason for such application that unavailing efforts had been made to serve those parties with the summons, and "the plaintiff is now willing to waive any right to a deficiency judgment in this action against them, and desires that the summons and complaint and notice of pendency of action be

herewith amended by striking from out the titles thereof the names of said defendants Mathilda Addison and John Addison." An order was entered striking out the names of the defendants Addison from the summons, complaint, and notice of pendency of action on the ground "that they were unnecessary parties defendant," and thereupon the action proceeded to judgment, a sale of the mortgaged premises was directed and was made, and such premises were bid in for the sum of $10,500. It appears that the amount due on the bond and mortgage for principal and interest to the date of the closing of the sale was $10,457.79. The referee's fees and expenses and the plaintiff's costs and allowance were $454.30, and the purchaser was allowed on the sale, for taxes, $176.75, making, with the deduction of those three items, the amount paid the plaintiff on the foreclosure judgment $9,868.85, leaving a deficiency of $588.94. The ex parte application for leave to sue was to enable the plaintiff to recover the amount of this deficiency, which, it will be observed, was principally for costs and expenses.

. That the plaintiff has no absolute right to institute an action at law to recover this deficiency is conceded. Such an action cannot be maintained without leave of the court. The settled policy of the law is to confine a mortgage creditor (who elects to look to the security) to the procurement of all his remedies in a foreclosure action against all parties who may be liable for a deficiency. The law upon this subject, as it existed under the Revised Statutes, is very clearly stated by Judge Rapallo in Insurance Soc. v. Stevens, 63 N. Y. 344, and no change has been made since the opinion in that case was written. The effect of the legislation upon the subject was to prohibit, as a general rule, a mortgagee foreclosing his mortgage by action from enforcing any liability outside of the foreclosure action. The purpose of that legislation was to prevent oppressive litigation, and in referring to the provision of the statute the court remarked in the case cited:

"Power was thereby given to a court of equity to afford complete relief in mortgage cases, and the general rule was established that when a mortgagee filed his bill in equity he debarred himself from proceeding at law either before or after decree. But, as cases might arise in which a resort to an action at law would be necessary, power was conferred upon the court to permit such a procedure."

In the same case it is remarked that power is given to the court in proper cases to relax the prohibition, but when called upon to do so it should be governed by principles of equity in granting or refusing the application; and, further, that where the mortgagee voluntarily refrains from asking a decree for deficiency, a satisfactory reason should be assigned for permitting him to institute a separate action at law for its recovery. The question in the case at bar is whether a good and sufficient and equitable reason has been shown for granting the order giving leave to sue to recover this deficiency. As stated before, the order was made ex parte. We think orders of this character should not be granted except upon notice, unless it is made to appear that the parties sought to be held liable are beyond the jurisdiction of the court, or cannot be personally notified; but, as the merits of this application have been fully presented and discussed

on the motion to vacate the order, it is unnecessary to make any further reference to the manner in which the application for leave to sue was made. It will be noticed that the greater part of the deficiency in this case is made up of costs and expenses of the foreclosure suit. $454.30 of the $588.94 deficiency consists of such items. They were costs and disbursements and expenses of an action from which the plaintiff elected to have the Addisons discharged as defendants, upon the distinct representation to the court that she would not ask for a deficiency judgment against them. The order dismissing them from the action was made upon that declaration. It was a complete renunciation of the right of the plaintiff to recover against those defendants the large amount of costs with which the plaintiff would now charge them in a separate action. It was doubtless for the convenience of the plaintiff, and in order that a prompt resort might be made to the property for the satisfaction of the mortgage debt, that she desired to have the Addisons dismissed from the action; but it would be inequitable to construe the plaintiff's renunciation of a right to hold the Addisons liable for costs as being limited merely to the foreclosure action, and she be permitted in another and separate action to recover those same costs, with the superadded costs of that other action. The plaintiff was confined by law to the procurement of her remedies against all parties in the foreclosure action. For reasons satisfactory to her or her attorney she abandoned her right as against the Addisons. It is true that in connection with that abandonment she uses the words "in this action," but that was the only action she had, and the only one to which she was entitled. The fair construction is that she relinquished all her claim to a deficiency against those parties. We think, under the circumstances of this case, and especially in view of the fact that the greater part of this deficiency arises upon a claim for costs accrued and expenses incurred in the action in respect of which the plaintiff represented to the court no claim for deficiency against the Addisons would be made, that the ex parte order should have been vacated, and the order denying the motion to vacate must be reversed, with costs, and the order granting leave to sue be vacated, with costs.

VAN BRUNT, P. J., and HATCH and O'BRIEN, JJ., concur.

RUMSEY, J. (concurring). The order giving leave to sue was granted ex parte. It should have been granted, if at all, only upon notice to the parties. For that reason alone it should have been vacated, and the order denying the motion to vacate should be reversed. I concur in the reversal for that reason only.