(76 App. Div. 75.)

McLAUGHLIN v. DURR et al.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. MORTGAGES—ASSIGNMENT—GUARANTY—DEFICIENCY—LEAVE TO SUE—AFFIDAVITS.

Where, in an application by the assignee of a second mortgage for leave to sue for a deficiency, the assignor filed affidavits alleging that, though he had been made a party to the suit to foreclose, no demand for personal judgment was made against him, and that when he was served he was informed that no personal judgment would be sought against him, and that he was not a party to an action to foreclose the first mortgage, and that he was thereby released from his guaranty of the mortgage assigned, such affidavits were insufficient to justify a denial of plaintiff's application, though they would present a proper subject for inquiry at the trial of the action.

2. SAME—ELECTION.

Where an assignee of a second mortgage sued to foreclose the mortgage, but, the property being sold under foreclosure of the first mortgage, the suit on the second mortgage was not prosecuted to judgment, the fact that the assignee did not ask for a personal judgment against his assignor on a guaranty of the mortgage in his action for foreclosure did not of itself constitute a binding election to look to the property for payment, so as to preclude such assignee from maintaining a subsequent action against the assignor to recover a deficiency.

Appeal from special term, New York county.

Application by John McLaughlin for an order granting leave to sue John Durr and others to recover a deficiency after foreclosure of a real estate mortgage. From an order denying the application, applicant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. J. Foster, for appellant.
Joseph Fettretch, for respondents.

PATTERSON, J. This appeal is from an order denying an application made under section 1628 of the Code of Civil Procedure by John McLaughlin for leave to commence and maintain an action against John Durr, Segunda Lopez, and Bertha Lopez to recover part of a mortgage debt. The petition of McLaughlin sets forth, in substance, the following facts, as the ground of his application: On the 30th of April, 1896, Segunda and Bertha Lopez executed and delivered to John Durr their joint and several bond for $8,000, with

interest, to be paid semiannually, and the bond contained the provision that the whole principal sum should become due, at the option of the obligors, after 20 days' default in the payment of interest. As collateral security for the payment of the indebtedness mentioned in the bond, Segunda and Bertha Lopez executed and delivered to Durr a mortgage for $8,000 covering premises at the southwesterly corner of Sixty-First street and First avenue, in the city of New York, and the mortgage contained the same condition as to the option of the mortgagee to elect to have the whole amount become due upon the failure to pay interest. On the 15th day of August, 1896, Durr assigned the bond and mortgage to McLaughlin, and guarantied the payment of the principal amount of the bond and mortgage and interest thereon. This was a second mortgage, there being on the premises a prior mortgage for $12,000, held by one Fries. After the second mortgage was assigned to McLaughlin, Segunda and Bertha Lopez conveyed the premises to one Hilson, and subsequently, through a series of conveyances, the title to the premises became vested in Aimee Riley, subject to the two mortgages; but the payment of those mortgages was not assumed by any of the grantees in those conveyances. On May 22, 1900, McLaughlin commenced an action against Aimee Riley and others to foreclose the second mortgage, and on the 16th of April, 1900, Fries commenced an action to foreclose the first mortgage, and recovered judgment in that action on the 15th of August, 1900. The premises were sold on the 11th of September, 1900, for $14,900. A small surplus of $188.51 remained after satisfying the Fries judgment. Meantime a receiver of the rents had been appointed in McLaughlin's suit on the second mortgage, and $300 of rent was collected by that receiver, and the rents thus collected and a portion of the surplus money were paid over to McLaughlin on account of the principal of his debt. His action was never pressed to judgment. In consequence of the sale of the mortgaged premises under Fries' judgment of foreclosure, McLaughlin's mortgage was cut off, and he has nothing to look to now but the bond of Segunda and Bertha Lopez and the guaranty of Durr.

In the affidavits presented by Durr in resistance of McLaughlin's application, various circumstances are stated, which, if duly proven upon a trial, might constitute obstacles to McLaughlin's recovery upon the guaranty. They are, in effect, that that guaranty was procured by false representations of McLaughlin; that, although he was made a party defendant in the McLaughlin suit, no demand for a personal judgment for deficiency was made against him; that when the summons and complaint were served upon him he was told by the process server that no personal judgment would be sought against him (but who that person was, or by what authority he spoke, does not appear); that Durr was not a party to the foreclosure action brought upon the first mortgage, knew nothing of its institution, and was never notified by McLaughlin, or any one else, of the pendency of that suit; and, in general, that the acts and conduct of McLaughlin were such as to release Durr from his obligation as a surety. All those matters may properly be the subject of inquiry upon issues duly framed, but we cannot dispose of them upon affidavits. In re

Marshall, 53 App. Div. 136, 65 N. Y. Supp. 760, we do not con-
sider as controlling here. In that case there was an express waiver
of a right to a deficiency judgment. We do not regard the omission
of McLaughlin to demand in his complaint a deficiency judgment as
constituting in itself a binding election. Had that action proceeded
to judgment, and the relations of the parties become definitely fixed
thereby, a different view might be entertained. Under the circum-
stances as disclosed, satisfactory reasons are shown for allowing Mc-
Laughlin to sue.

The order appealed from should be reversed, with $10 costs and dis-
bursements, and the motion granted, with $10 costs. All concur.