### In re BYRNE.

(Supreme Court, Appellate Division, First Department. March 13, 1903.)

1. MORTGAGE FORECLOSURE—LEAVE TO SUE ON BOND ACCOMPANYING MORTGAGE —DISCRETION OF COURT.

     Code Civ. Proc. § 1628, provides that while an action to foreclose a mortgage on real property is pending no other action shall be commenced to recover any part of the mortgage debt without leave of the court in which the former action was brought. During the pendency of a foreclosure action, and before sale, plaintiff asked leave to sue on the bond secured by the mortgage. He set up that the security afforded by the

---

¶ 1. See Mortgages, vol. 35, Cent. Dig. §§ 572–574, 1184.

mortgage was insufficient, but this was controverted. Held, that the application should be denied, for otherwise petitioner might proceed to obtain a judgment against defendants for costs in each case, the action on the bond being an independent cause of action, besides the trouble and annoyance of the dual litigation; and that, as the premises were primary security, as to defendants, petitioner should proceed with his foreclosure action, and sell the property, entering, if necessary. a deficiency judgment, in which case there would be no necessity for action on the bond.

Appeal from Special Term, New York County.

In the matter of the application of John F. Byrne for leave to sue on the bond of John Van Dolsen, William F. Smith, and Clement H. Smith, which accompanied a mortgage on real estate. From an order granting leave, William F. Smith and Clement H. Smith appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

George Hahn, for appellants.
Austin E. Pressinger, for respondent.

LAUGHLIN, J. The appellants executed a mortgage upon their premises to secure the payment of their bond bearing even date therewith. They subsequently sold the premises, their grantees assuming and agreeing to pay the mortgage. On the 25th day of November, 1901, the petitioner, then being the owner of the bond and mortgage, began a foreclosure action, making the appellants and their grantees parties, and praying for a deficiency judgment against them. The appellants were served with the summons and complaint, and they defaulted in pleading. The foreclosure action is still pending, and the premises have not been sold.

The grounds upon which the petitioner asks the court to exercise its discretion favorably on his application for leave to sue on the bond are that he has been unable to effect service upon one of the defendants' grantees; that the interest on a senior mortgage has not been paid, but it appears that payment has been extended until the 15th day of February, 1903; and that the premises have so depreciated in value that there is little probability of their bringing sufficient to pay the amount of the prior mortgage, together with costs and expenses. The question of the adequacy of the security of the premises for the indebtedness secured by the petitioner's mortgage was controverted.

The petitioner, having instituted an action to satisfy the debt out of the security, has no absolute right to maintain an action at law upon the bond. He must first obtain leave of the court (Code Civ. Proc. § 1628) upon notice; and even then, if the appellants had not been made parties to the foreclosure, and the premises had been sold, and a deficiency judgment entered, it would be necessary to show a sufficient and satisfactory equitable reason for such leave. Matter of Marshal, 53 App. Div. 136, 65 N. Y. Supp. 760; Equitable Life Ins. Soc. v. Stevens et al., 63 N. Y. 341. In Equitable Life Ins. Soc. v. Stevens, supra, the court say that the rule in all cases of an application for leave to sue on such a bond after a foreclosure action has been commenced is that the court may grant or refuse the leave

in the exercise of a sound discretion according to the equities of the case. In this case it would seem that sound equitable discretion requires that the application should be denied, for otherwise the petitioner may proceed and obtain a judgment against the appellants for costs in each case, the action upon the bond being an independent cause of action, besides the trouble and annoyance of the dual litigation. Equitable Life Ins. Soc. v. Stevens, supra; McKernan v. Robinson, 84 N. Y. 105. By the express terms of the Code (Code Civ. Proc. § 1630), if the petitioner brought an action on the bond first, he could not maintain an action on the mortgage until the return of execution unsatisfied in the first action. By analogy it would seem—unless in extraordinary and exceptional circumstances, at least—that the petitioner should proceed with his foreclosure action, and sell the property, and then, if necessary, he may enter a deficiency judgment, and there will be no necessity of any action upon the bond. Engle v. Underhill, 3 Edw. Ch. 249; Matter of Moore, 81 Hun, 389, 31 N. Y. Supp. 110. As to these appellants the premises are the primary security (Gottschalk v. Jungmann [App. Div., First Dep't, Jan., 1903] 79 N. Y. Supp. 551), and that course will be equitable. We think it clear that this order should not have been granted while the foreclosure action was pending.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.