MORRISON et al. v. SLATER et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. MORTGAGES (§ 427*)—FORECLOSURE—PARTIES DEFENDANT—GUARANTORS.

While guarantors of a mortgage debt were not necessary parties on foreclosure as to the validity of the purchaser's title, they were proper parties, and if they had been made parties a judgment for deficiency might have been taken against them in that action; and the rules of law as to permitting a separate suit against them are as applicable as if they had been obligors on the mortgage bond itself instead of guarantors.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 427.*]

2. MORTGAGES (§ 561*) — FORECLOSURE—DEFICIENCY—SEPARATE SUITS—RIGHT TO MAINTAIN.

Code Civ. Proc. § 1628, providing that while a foreclosure is pending, or after final judgment for plaintiff therein, no other suit shall lie to recover any part of the debt without leave, gives no absolute right to a plaintiff to sue separately, after foreclosure, a guarantor of the mortgage debt, who might have been made a party on foreclosure, and the right should be granted only upon a satisfactory showing.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1610; Dec. Dig. § 561.*]

3. MORTGAGES (§ 561*)—FORECLOSURE—DEFICIENCY—SEPARATE SUITS AGAINST GUARANTORS—RIGHT TO MAINTAIN.

Plaintiffs are not entitled, under Code Civ. Proc. § 1628, to sue guarantors of a mortgage debt for a deficiency on foreclosure, where, so as

to hasten the matter to a decree, they did not proceed against one of the guarantors in the foreclosure action, where, though another guarantor was made a party, he was expressly informed that no personal claim was made against him, and where no excuse is given for not making the third guarantor a party.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 561.*]

Appeal from Special Term, New York County.

Action by Jacob Morrison and another against Isaac Slater and others. From an order allowing plaintiffs to sue under Code Civ. Proc. § 1628, and to amend, defendants appeal. Reversed and motion denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Alexander Rosenthal, for appellants.
Gustavus A. Rogers, for respondents.

SCOTT, J. Defendants appeal from an order granting leave to plaintiffs to sue them, after foreclosure and sale of mortgaged property, for a deficiency arising upon such sale. The plaintiffs held a mortgage assigned to them by the defendant Frank Slater, to whom it had been given by one Mondshain. Upon the assignment Frank Slater had indorsed a written guaranty of the payment of the mortgage debt, and the defendants Isaac and Joseph Slater had also jointly indorsed thereon a like guaranty. When the foreclosure action was begun, Frank Slater and Isaac Slater were named as defendants. Some difficulty appears to have been found in effecting service upon Frank Slater, although it does not appear very clearly what efforts were made to serve him. At all events he was dropped as a defendant. Isaac Slater was served with a summons and a notice of the object of the action, in which it was stated in precise terms that no personal claim was made against him. He served a notice of appearance, but took no further steps in the cause. Joseph Slater was neither named as a defendant nor served with process. The action proceeded to foreclosure and sale, resulting in a deficiency of $4,641.72 on a $6,000 mortgage. For this sum the plaintiffs now seek to sue the Slaters, and the order appealed from permits them to do so. Code Civ. Proc. § 1628.

It is urged on behalf of the respondents that the guarantors of the debt were not necessary parties to the foreclosure action. This is undoubtedly true in a certain sense, because the title of the purchaser upon the sale would not be affected by their absence. There is no doubt, however, that they would have been proper parties, and that, if they had been made parties, a judgment for deficiency might have been taken against them in that action. Robert v. Kidansky, 111 App. Div. 475, 97 N. Y. Supp. 913. Hence the rules of law as to permitting a separate action to be brought against them are precisely as applicable as if they had been obligors on the bond itself, instead of guarantors. It has been universally held that section 1628 of the Code of Civil Procedure confers no absolute right upon a plaintiff to sue separately, after foreclosure, a person liable for the mortgage debt, and who might

have been made a party to the foreclosure action, but that the right to do so should be granted only when satisfactory reasons are shown why the personal liability was not prosecuted in the foreclosure suit itself. It was pointed out by Judge Rapallo in Equitable Life Ins. Soc. v. Stevens, 63 N. Y. 341, at page 346, that under the Revised Statutes—

"so far from being made compulsory upon the court to grant such permission in all cases, the general rule was against it, and special circumstances must be shown to justify a separate proceeding at law."

So, also, it was said in Scofield v. Doscher, 72 N. Y. 491, at page 495:

"The aim of the statute is to dispose of the matter in one proceeding."

In Matter of Marshall, 53 App. Div. 136, 65 N. Y. Supp. 760, the plaintiff had made the original mortgagors parties defendant, but, finding some difficulty in serving them, had entered an order striking their names out, expressing a willingness to forego any right to a deficiency judgment against them for the sake of hastening the case. An order permitting him, after sale, to sue these same parties for a deficiency, was reversed by this court; the rule being reiterated that such leave should be given with caution, and especially so when the mortgagees voluntarily refrained from seeking a deficiency judgment in the foreclosure action.

An affidavit submitted by one of the plaintiffs shows that in electing not to proceed against Frank Slater in the foreclosure suit he was actuated by much the same considerations which moved the plaintiff in the case last cited, for he says:

"I knew that the security that I had against the property was more reliable than the personal responsibility of these defendants, and verily believed, if I could hasten the matter to a decree, that the property would bring enough to satisfy the amount of the bond and mortgage."

As to Isaac Slater, the reasons against allowing him to be sued, seem to be unanswerable for he was not only made a party to the suit, but was served with process, so that a deficiency judgment could appropriately have been applied for. But not only was no such relief demanded against him, but he was expressly informed that no personal claim was made against him, the natural result of which would be to prevent him from taking any means to protect himself.

There is much reason for considering the service of this notice as an express waiver of any right to hold him for the deficiency. At the least it furnishes sufficient ground for refusing leave to sue him. As to Joseph Slater, no explanation whatever is given why he was not made a party defendant, and it affirmatively appears that no difficulty would have been found in serving him. We are of opinion that no sufficient reason was shown why any of the appellants should now be sued for the deficiency.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion for leave to sue denied, with $10 costs. All concur.