JEANNETTE W. CARLIN, Appellant, v. MARTIN LINDTVEIT and THORA LINDTVEIT, Respondents, and Others, Defendants.— The complaint to foreclose this second mortgage on which $170 was due named respondents as defendants, but asked no personal judgment. Naturally respondents did not attend the sale. Plaintiff's attorney bid in the property for $25. Respondents have had to make a motion to vacate a deficiency judgment against them for $253.26, which had been improperly entered upon this complaint. Plaintiff's application under Code of Civil Procedure, section 1628, to bring a new suit on the bond has been denied. In view of the opposing affidavits, we cannot say that the court's discretion has been improperly exercised. The statute is a restriction to confine all proceedings to collect the mortgage debt to one court and one action. Good reasons must be shown why defendants in foreclosure should be called on to answer again in an action at law. (*Darmstadt* v. *Manson*, 144 App. Div. 249: *Matter of Steiner* v. *Day*, 161 id. 742.) Especially should this be strictly applied to suits to recover small sums where the mortgagors should be shielded against the hardship of repeated bills of costs. Under these con-

ditions plaintiff's offer now to resell to respondents the mortgaged property did not disclose a sufficient ground to sue them again. The order is, therefore, affirmed, with ten dollars costs and disbursements. Jenks, P. J., Carr, Mills, Rich and Putnam, JJ., concurred.