In the Matter of the Application of RICHARD L. WHALEN and HARRY A. OTTO for Permission under Section 1078 of the Civil Practice Act to File an Involuntary Petition in Bankruptcy in the United States District Court for the Western District of New York, Petitioners.

THE CARAM CORPORATION, Bankrupt, Respondent.

Supreme Court, Monroe County, March 12, 1930.

*A. M. Little*, for the petitioners.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave*, for the respondent.

RODENBECK, J. This application is made under section 1078 of the Civil Practice Act, and I am assuming that the words " no other action " include the institution of bankruptcy proceedings. The spirit of the section is to avoid two actions or proceedings to enforce the same obligation. The application may be made *nunc pro tunc* (*Earl* v. *David*, 20 Hun, 527), but " special circumstances " must be shown (*Equitable Life Ins. Soc.* v. *Stephens*, 63 N. Y. 341),

and the application should be granted "with caution." (*Morrison v. Slater*, 128 App. Div. 467.) The general rule is that leave will not be granted unless "good reasons" be shown. (*Carlin v. Lindtveit*, 175 App. Div. 940.) Leave will be granted only "in extraordinary and exceptional circumstances." (*Matter of Byrne*, 81 App. Div. 74, 76.) No such circumstances appear. There is no reason why the applicants should not continue the foreclosure proceedings to a conclusion before instituting other proceedings to enforce the obligation in question. Such proceedings may not then be necessary. The motion should be denied. If the application is unnecessary, no harm can come from its denial.

Motion denied, with ten dollars costs.