ERIE COUNTY SAVINGS BANK, Appellant, *v.* HERMAN LEVI and BECCA G. LEVI, His Wife, Respondents.

Fourth Department, November 30, 1938.

*Moot, Sprague, Marcy* and *Gulick* [*F. Babcock Hagan* of counsel], for the appellant.

*Saperston, McNaughtan & Saperston* [*Richard H. Wile* of counsel], for the respondents.

TAYLOR, J. The plaintiff-mortgagee brings this action against the mortgagors to recover personal judgment for the amounts which plaintiff has paid to discharge the liens of past-due city and county taxes against the mortgaged premises. The defendants, in their answer, set up as a defense the provisions of section 1077-b of the Civil Practice Act. Upon plaintiff's motion to strike out the defense and for judgment under rule 113 of the Rules of Civil Practice and upon defendants' countermotion to dismiss the complaint, the court denied plaintiff's motion and granted defendants' motion. Plaintiff appeals from the order thereon entered.

The mortgage covenant, in respect to taxes, provides that the mortgagors will pay all taxes when they become due and " in case of failure so to do said party of the second part [the mortgagee], its successors and assigns are hereby authorized to pay the same and all expenses incident thereto, and the amount so paid, with interest thereon from the date of such payment, shall be due and payable forthwith, without demand, and . in default thereof the same shall be deemed a part of the principal sum secured by these presents and shall be collectible forthwith in the same manner and upon the same conditions as said principal sum."

The defendants contend — and the Special Term so held — that the final clause of the above-quoted covenant constituted an express agreement between the parties that the past-due taxes, when paid by the mortgagee, are incorporated into and become a part of the principal sum secured by the mortgage and are collectible only by action brought to recover the whole amount of principal, thus affording to defendants the protection of section 1077-b of the Civil Practice Act. If this contention and holding were to be sustained, the mortgagee, in order to protect its interests, might be compelled to pay all taxes against the property during the period of the mortgage moratorium. A construction leading to such a result should not be placed upon the mortgage covenant unless it clearly appear that such was the intention of the parties. We are unable to find, in the wording of the clause under consideration, that the parties intended to limit the right of the mortgagee to recover, from the mortgagors, the amount of past-due taxes which it paid. The apparent intention was to secure to the mortgagee the right to enforce repayment by separate action and also the right to a lien on the premises which would be secured by the

mortgage. The words " shall be due and payable forthwith " are significant.

The rule appears to be settled that section 1077-b of the Civil Practice Act does not apply to actions which are brought to recover defaulted payments of interest and taxes. (*Johnson* v. *Meyer*, 268 N. Y. 701; *Rochester Trust & Safe Deposit Co.* v. *Hatch*, 273 id. 507, 508.)

The order, denying plaintiff's motion and granting defendants' motion for judgment dismissing the complaint, should be reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion to strike out defendants' answer and for judgment should be granted, with ten dollars costs, and defendants' motion should be denied, without costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs, and defendants' motion denied, without costs.