THE NATIONAL CITY BANK OF NEW YORK, Respondent, *v.* JULIA C. GELFERT, as Executrix, etc., of JAMES J. CARPENTER, Deceased, and Others, Defendants, Impleaded with GEORGE U. HAMMOND, as Executor, etc., of JAMES J. CARPFNTER, Deceased, Appellant.

Second Department, July 7, 1939.

*Charles H. Buckley* [*George Link, Jr.*, with him on the brief], for the appellant.

*Barney B. Fensterstock* [*Israel Akselrod* and *Theodore B. Wolf* with him on the brief], for the respondent.

Order modified by striking therefrom all of its directory provisions and by providing in lieu thereof that plaintiff's motion be granted to the extent of confirming the referee's report of sale except as to deficiency and otherwise denied, and that the cross-motion of the defendant-executor be denied, and, as so modified, the order is unanimously affirmed, without costs. Judgment entered pursuant to said order vacated.

Plaintiff did not make an application for a deficiency judgment, as provided by section 1083 of the Civil Practice Act. Said defendant's cross-motion for an order fixing the value of the premises in order to determine the amount of deficiency, if any, was properly denied, because by it said defendant really sought a modification of the judgment of foreclosure and sale.

LAZANSKY, P. J., JOHNSTON and ADEL, JJ., concur; HAGARTY, J., concurs in result, with opinion; CLOSE, J., concurs with HAGARTY, J.

HAGARTY, J. (concurring). I concur in result.

In accordance with a judgment of foreclosure and sale of mortgaged premises situate in the county of Kings, adjudicating that there was due to plaintiff the sum of $18,401.25, the property was sold to the plaintiff on the 16th day of December, 1938, for the sum of $4,000, leaving a deficiency, after inclusion of interest and expenses, of $16,162.12. In opposition to a motion to confirm the referee's report of sale and for a deficiency judgment, and by way of cross-motion, the appellant sought an order fixing the value of the premises so foreclosed " for the purposes of deficiency judgment proceedings," upon the general ground that it would be inequitable

and unconscionable to permit plaintiff to have a deficiency judgment other than one measured by the value of the premises. Were it not for the application of section 1083 of the Civil Practice Act, as amended in 1938 (Laws of 1938, chap. 510, in effect April 7, 1938), which appellant invokes on this appeal, an affirmance of the order under review would be required under the recent rulings by the Court of Appeals. Prior to the enactment of this amendment, the right to a deficiency judgment was the creation of statute (*New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292, 296), pursuant to which a deficiency judgment followed as an incident to the final judgment of foreclosure and sale (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94), and a court of equity was without power to withhold such deficiency judgment (*Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110) or to vacate the final judgment of foreclosure and sale on a showing that inequity or hardship, resulting from general economic conditions, would follow the entry of such deficiency judgment. (*Guaranteed Title & Mortgage Co.* v. *Scheffres*, 275 N. Y. 30, reversing 249 App. Div. 652, and overruling *Monaghan* v. *May*, 242 App. Div. 64, and *Guaranteed Title & Mortgage Co.* v. *Scheffres*, 247 id. 294.)

The facts here presented did not warrant the setting aside of the sale on the ground that the price obtained was shockingly inadequate. (See *Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, *supra*, p. 115; *Housman* v. *Wright*, 50 App. Div. 606.) Though plaintiff purchased the property for the sum of $4,000, plaintiff's real estate expert appraised it at the sum of $6,500, at which price plaintiff now offers the property for sale. Although claiming its value to be much greater, appellant offers no specific hope that substantially more than $4,000 would be obtained on a resale.

Section 1083 of the Civil Practice Act, as amended, requires one seeking a deficiency judgment after foreclosure and sale to make application therefor within a specified time, and limits the amount of such judgment in accordance with a determination of the market value of the property. Thus, in effect, the standard to be applied in determining the amount of deficiency judgments which was set up in the emergency legislation (Civ. Prac. Act, § 1083-a, added by Laws of 1933, chap. 794) has been permanently adopted.

It is conceded that the mortgage here involved, made on the 29th day of December, 1932, is not within the purview of section 1083-a of the Civil Practice Act. It is apparent, however, that section 1083, as amended, is applicable, inasmuch as that statute relates to " all cases where the sale is held after the date this section as hereby amended takes effect."

Respondent contends that the amended section, in so far as it purports to affect the right to a deficiency judgment for the whole of the residue, is unconstitutional as violative of the due process clause of the Constitution of this State.

The constitutionality of the emergency legislation, of which this amendment is a counterpart, namely, section 1083-a of the Civil Practice Act, has been upheld, although not without indication that the determination was predicated upon the principle that its constitutionality was dependent upon the exercise of police power to cope with an emergency. (*Klinke* v. *Samuels*, 264 N. Y. 144; *New York Life Ins. Co.* v. *Guttag Corp.*, 265 id. 292.) That ground was not invoked, however, by the United States Supreme Court in holding that the emergency statute was not violative of the contract clause of the Federal Constitution. In *Honeyman* v. *Jacobs* (306 U. S. 539, decided April 17, 1939) Chief Justice HUGHES writes: " The contract contemplated that the mortgagee should make himself whole, if necessary, out of the security but not that he should be enriched at the expense of the debtor or realize more than what would repay the debt with the costs and expenses of the suit. Having a total debt of $15,771.17, with expenses, etc., of $1,319.03, appellant has obtained through his foreclosure suit the property of the debtor found without question to be worth over $25,000. He has that in hand. We know of no principle which entitles him to receive anything more. Assuming that the statute before its amendment permitted a recovery of an additional amount through a so-called deficiency judgment, we cannot say that there was any constitutional sanction for such a provision which precluded the Legislature from changing it so as to confine the creditor to securing the satisfaction of his entire debt. Section 1083-a in substance assured to the court the exercise of its appropriate equitable powers. By the normal exercise of these powers, a court of equity in a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate. *Home Building & Loan Assn.* v. *Blaisdell*, *supra* [290 U. S. 398], at pp. 446, 447, and cases cited, note 18. *Richmond Mortgage Corp.* v. *Wachovia Bank*, *supra* [300 U. S. 124], at p. 129. In this control over the foreclosure sale under its decree, the court could consider and determine the value of the property sold to the mortgagee and what the mortgagee would thus realize upon the mortgage debt if the sale were confirmed. See *Monaghan* v. *May*, 242 App. Div. 64, 67; 273 N. Y. S. 475; *Guaranteed Title & Mortgage Co.* v. *Scheffres*, 247 App. Div. 294."

In discussing a statute of North Carolina considered by the United States Supreme Court in *Richmond Corp.* v. *Wachovia Bank* (300 U. S. 124), the Chief Justice further writes: " The act recognized the obligation of his contract and his right to its full enforcement but limited that right ' so as to prevent his obtaining more than his due. By the old and well known remedy of foreclosure, a mortgagee was so limited because of the chancellor's control of the proceeding.' That ' classical method ' of realization upon a mortgage security through a foreclosure suit had always been understood ' to be fair to both parties to the contract and to afford an adequate remedy to the mortgagee.' In that view it appeared that the new law as to proceedings for a deficiency judgment after the exercise of a power of sale ' merely restricted the exercise of the contractual remedy to provide a procedure which, to some extent, renders the remedy by a trustee's sale consistent with that in equity.' "

Although this reasoning would apply as forcefully to section 1083 as amended, we are concerned, of course, with the question of the constitutionality of that statute in the light of our State Constitution.

As this mortgage was made prior to the enactment of the amended section, respondent invokes the doctrine that laws in effect at the time and place of the making of the contract enter into and form part of the contract as fully as if they had been expressly referred to or incorporated in its terms. (*Farmers Bank* v. *Federal Reserve Bank*, 262 U. S. 649, 660.) On the other hand, appellant points to the equally well-founded principle that, at the time of the making of a contract, the parties thereto are chargeable with knowledge of the existence of the power of the State to modify remedies for enforcement of contract obligations. (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140; affd., 290 U. S. 163, 168.) It is, therefore, competent for a State to change the form of a remedy provided no substantial right secured by contract is thereby impaired. (*Home Bldg. & L. Assn.* v. *Blaisdell*, 290 U. S. 398, 430.) " In all such cases the question becomes, therefore, one of reasonableness, and of that the Legislature is primarily the judge." (*Antoni* v. *Greenhow*, 107 U. S. 769, 775.)

The respondent presents an impressive argument in support of its contention that the amended section works a substantial deprivation of its theretofore existing right to a deficiency judgment, based simply upon arithmetical computation of the difference between the amount due and that realized upon the sale. In addition, at the time of the making of the mortgage there was no

obligation, express or implied, imposed upon the mortgagee to bid in the pledged property upon foreclosure. With a deficiency judgment dependent upon market value, however, the mortgagee must reconcile himself to payment in land rather than in money, if he forecloses his lien. He must bid in the property at its market value or suffer the loss of a deficiency judgment for the difference between such value and the amount bid by another.

While due appreciation must be accorded the forcefulness of the above and kindred contentions with respect to the substance of rights of which a mortgagee is deprived by virtue of the amended section, it must be borne in mind that dual remedies are afforded a creditor whose indebtedness is secured by mortgage. He may sue for the debt *in personam*, irrespective of the pledge, and procure a money judgment in entirety, or he may foreclose his lien. In invoking the latter remedy he brings himself within the jurisdiction of equity which, in the exercise of its inherent power, would grant a deficiency judgment only if satisfied that the circumstances warranted such award in accordance with the dictates of fairness and justice, which would exclude a mortgagee who had obtained real property of a value equivalent to the indebtedness. (*Honeyman* v. *Jacobs, supra; Home Bldg. & L. Assn.* v. *Blaisdell, supra,* pp. 446, 447; *Monaghan* v. *May,* 242 App. Div. 64; *Guaranteed Title & Mortgage Co.* v. *Scheffres,* 247 id. 294; *Federal Title and Mortgage Guaranty Co.* v. *Lowenstein,* 113 N. J. Eq. 200; 166 A. 538.) But in this State that natural and ancient attribute of chancery was superseded by statute awarding deficiency judgment as a matter of course. (*Feiber Realty Corp.* v. *Abel, supra; Emigrant Industrial Sav. Bank* v. *Van Bokkelen, supra; Guaranteed Title & Mortgage Co.* v. *Scheffres, supra.*) The effect of the amended section is to dispense with that requirement, to a prescribed extent, and to recognize in equity a power normally exercised by that court. Of such inherent power a mortgagee must be deemed to have been aware at the time of entering into his contract. It was within the power of the Legislature, in my opinion, to set up market value of property as the basis upon which deficiency judgments should be granted, and that thereby there was no impairment of any substantial right in the mortgagee. Such legislation safeguards the indebtedness of the mortgagee by providing for real property and a money judgment in a combined value equivalent thereto, although it has the effect of stimulating the mortgagee into activity in according justice to the mortgagor as well as to himself. The amended section, as affecting the remedy of the respondent, is constitutional.

Although in its cross-motion the appellant did not invoke the amended section, the fact remains that respondent made no applica-

tion for a deficiency judgment in accordance with the provisions of the section. On the contrary, and in support of its motion as made for judgment as a matter of course, the respondent's affidavit avers that the amended section is inapplicable. Thus there has never been an application by respondent, in accordance with law, for the deficiency judgment which it seeks.

CLOSE, J., concurs.