SOUTHOLD SAVINGS BANK, Appellant, v. A. EDWARD FISHER, Respondent.— Plaintiff, the holder of a bond and mortgage, started an action in the Municipal Court of the City of New York, Borough of Queens, wherein it pleaded three causes of action: (1) for unpaid interest; (2) for an installment of principal which plaintiff claims defendant became obligated to pay by virtue of section 1077-g of the Civil Practice Act; and (3) for taxes, water charges and penalties. Defendant pleaded the defense of *res judicata* by reason of a prior default judgment for a similar installment of principal and for other items of interest and taxes. Plaintiff moved for summary judgment or partial summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice. Defendant made a cross motion for summary judgment dismissing the complaint. The court granted plaintiff's motion and denied defendant's motion, and entered judgment accordingly. The Appellate Term reversed the judgment, granted defendant's

motion and denied plaintiff's motion. By permission of this court plaintiff appeals from the order of the Appellate Term. Order modified on the law and the facts by striking out the provision denying plaintiff's motion and granting defendant's motion and by inserting in place thereof a provision denying defendant's motion, and granting plaintiff's motion to the extent of awarding it partial summary judgment on its first and third causes of action for the interest, taxes and water charges, and reducing the judgment of the Municipal Court to the amount claimed under such causes of action. As thus modified, the order is unanimously affirmed, without costs. The moratory statutes entitle plaintiff to maintain a separate action to recover the interest, taxes and water charges. (*White* v. *Wielandt,* 259 App. Div. 676, cases cited at p. 678, affd. 286 N. Y. 609.) There is no question that the judgment in the prior action for the items of interest, taxes and water charges which had accrued prior to the similar items in suit, is not *res judicata.* Plaintiff is not entitled, however, to maintain a separate action for the 1% and 2% installments of principal specified in section 1077-g of the Civil Practice Act. The nonpayment of these installments, as the Appellate Term properly held, operates only to deprive the owner of the existing statutory moratorium for nonpayment of principal. (Cf. *Chase Nat. Bank* v. *Guardian Realties, Inc.,* 283 N. Y. 350, 361, 363.) It is stated in the opinion of the Appellate Term (183 Misc. 794, 801) that " the inevitable effect " of the prior action was to split plaintiff's cause of action on the bond and thus bar any further action thereon. While this statement is dictum, it may lead to unnecessary difficulty should plaintiff in the future attempt to assert any lawful rights which it may have under the bond and mortgage. For this reason we state that in our opinion this dictum is erroneous. In the prior action plaintiff did not attempt to collect any part of the principal by enforcing the terms of the bond and mortgage. Plaintiff sought to enforce only an assumed statutory cause of action under section 1077-g of the Civil Practice Act for the 1% installment of principal for the period from July 1, 1942, to December 1, 1943. The judgment is *res judicata* only as to that assumed statutory right and only for the period named and, therefore, the prosecution of an action for such an installment may not be deemed a splitting of the cause of action upon the bond or mortgage. For the same reason such prior judgment would not be *res judicata* upon either party as to the right to recover future installments under the statute (if the statute had given such a right), or as to the right to recover the principal, interest or taxes, in accordance with the terms of the bond and mortgage and the applicable provisions of law. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See 268 App. Div. 1060.] [See *post,* p. 785.]