■ MARVIN GETLAN et al., Copartners, Doing Business as MARVEL CO., Appellants, v. HOFSTRA UNIVERSITY, Respondent.— In an action to foreclose a purchase money fourth mortgage, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered August 11, 1972, which denied their motion to dismiss defendant's eight affirmative defenses and for summary judgment. Order affirmed, with $20 costs and disbursements. While we disagree with the position taken by Special Term that interest does not constitute part of the mortgage debt (see Marks, Maloney & Paperno, Mortgages & Mortgage Foreclosure in N. Y., § 94; *White* v. *Wielandt*, 259 App. Div. 676, affd. 286 N. Y. 609; Real Property Law, § 254, subd. 3), we find it unnecessary to rely on that ground. Under CPLR 3019 (subd. [a]), "A counterclaim may be any cause of action in favor of one or more defendants * * * against one or more plaintiffs". As pointed out in Weinstein-Korn-Miller (N. Y. Civ. Prac., Vol. 3, par. 3019.02), the effect of this, as was true under section 266 of the Civil Practice Act, is to eliminate all historic limitations on setoffs and recoupments. Therefore, the proper inquiry here is not whether the mortgage permits setoffs but whether it prohibits them. Since it clearly does not, pleading setoffs is proper. The setoffs may be interposed as a matter of law and do not depend upon agreement. It may be noted that *Matter of Haverstraw Park* v. *Chapel Hill Homes* (37 A D 2d 579, affd. 30 N Y 2d 562) involved the propriety of the items of a setoff as a substantive question as distinct from the right to assert the items procedurally; and, in that context, the agreement would be controlling. Here, we have a different question, dealing as it does

with the problem at the pleading stage. Contrary to Special Term's observation, where the affidavit of an attorney on a motion for summary judgment is based on documentary evidence in the attorney's possession, it may have probative value and should be evaluated by the court (see *Glynn* v. *Glynn*, 30 A D 2d 697; *Lindner* v. *Eichel*, 34 Misc 2d 840, 845). Munder, Acting P. J., Gulotta, Christ and Benjamin, JJ., concur; Martuscello, J., concurs in the affirmance of the denial of summary judgment to plaintiffs and of the denial of dismissal of the second to fifth affirmative defenses, inclusive, but otherwise dissents and votes to modify the order so as to dismiss the other four affirmative defenses. On June 29, 1971, appellants (sellers) and respondent (buyer) signed two mortgage agreements, a purchase money third mortgage in the sum of $1,200,000 and a purchase money fourth mortgage in the sum of $200,000. The fourth mortgage is the subject of this action. The principal sum on that mortgage was to be due on March 20, 1987 with monthly interest payments due of $1,334.34. The mortgage provided that in several specific circumstances respondent could set off its claims against the "indebtedness". There were also two letters, dated May 18, 1971 and June 29, 1971, respectively, signed by appellants. These letters indicate possible relief in the nature of setoff other than for those claims specified in the mortgage. Asserting various claims against appellants, respondent did not pay the full amount of interest on certain due dates or within the grace periods. In response to this action to foreclose, respondent set forth eight affirmative defenses, alleging justification for its setoffs. While I find that the term "indebtedness" includes amounts of interest (Marks, Maloney & Paperno, Mortgages & Mortgage Foreclosure in N. Y., § 94; Real Property Law, § 254, subd. 3; *White* v. *Wielandt*, 259 App. Div. 676, affd. 286 N. Y. 609), thereby restricting respondent's right of setoff under the mortgage as to the specified claims, there are claims which arguably fall within the scope of the mortgage and the letters referred to above. These claims must be allowed as setoffs and are enumerated in the second, third, fourth and fifth affirmative defenses. The majority indicates that all of the defenses may be asserted and denominates them as counterclaims. However, only those defenses embraced in the agreements may properly be set off. Those enumerated as the first, sixth, seventh and eighth affirmative defenses do not fall within the agreements and should therefore be dismissed. To hold otherwise is to give no meaning to the contractual intent of the parties. Since setoffs may be found proper under the second to fifth affirmative defenses, inclusive, and since the amount of these setoffs may approximate the sum due for unpaid interest, summary judgment was correctly denied, but the order should be modified so as to dismiss the first, sixth, seventh and eighth affirmative defenses.